■ SMALLWOOD ESTATES, INC., Appellant, v PAUL NIKOLA, Doing Business as NIKOLA REALTY, et al., Respondents.—Kane, J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered May 31, 1989 in Sullivan County, which, *inter alia,* granted defendants' motion for partial summary judgment dismissing certain claims in the complaint.

Plaintiff is a corporation which develops real estate in the community of Smallwood, located in Sullivan County. Plaintiff's principal officer and shareholder, Jack Halperin, became associated with defendant Paul Nikola in 1977. From 1979 to 1982, Nikola was employed by Halperin as, generally, an administrator and development strategist for plaintiff and other interests owned by Halperin. During that time, Nikola was directed to negotiate on behalf of Halperin with Sara Fenton for the purchase of a parcel of her land located in the Town of Bethel, Sullivan County (hereinafter the Fenton parcel). Nikola allegedly was to purchase the Fenton parcel through his own corporation, defendant Nikola Realty Corporation, and then sell it within one year to plaintiff. Nikola did not follow these instructions, although he allegedly reported to Halperin that he did begin inquiries on Halperin's behalf with Fenton.

In 1982, Nikola left Halperin's employ and in October 1983 commenced negotiations through his attorney to purchase the Fenton parcel, which, at the time, was listed with other brokers and had been on the real estate market and available for sale for several years. At no time prior to 1983 did Halperin or anyone on his behalf inquire about purchasing the Fenton parcel, and it was subsequently bought by Nikola Realty Corporation in August 1984. The land was then developed, along with neighboring parcels, into what was known as Rosland Estates.

In September 1986, as Rosland Estates was about to be marketed, plaintiff commenced this lawsuit and filed a notice of pendency against, *inter alia,* the Fenton parcel. Plaintiff alleged, *inter alia,* that Nikola breached a fiduciary duty owed to it by purchasing the Fenton parcel and not reselling it to plaintiff and that such breach was aided and encouraged by defendants Giglio Coppa and Jeanette Coppa. Plaintiff sought, *inter alia,* the creation of a constructive trust of property, including the Fenton parcel, in its favor, a conveyance to it of that property, as well as punitive and compensatory damages. Defendants subsequently moved for partial summary judgment dismissing all claims relating to the Fenton parcel. Supreme Court granted the motion and plaintiff now appeals.

We affirm. Plaintiff argues that material issues of fact remain concerning Nikola's breach of fiduciary duties owed to plaintiff. We disagree. In our view, any alleged fiduciary duty owed to plaintiff in this instance, whether it arose from Nikola's employment or agency relationship with Halperin, extended only to that point in 1982 where the relationship terminated. Contrary to plaintiff's assertion, the record is devoid of any evidence that Nikola began negotiations for the subsequent purchase of the Fenton parcel prior to the termination of his employment or agency with Halperin *(see, Walter Karl, Inc. v Wood,* 137 AD2d 22, 28). As a former employee or agent, Nikola was free to compete with plaintiff and purchase the Fenton parcel as long as no trade secrets or confidential information belonging to plaintiff were involved or fraudulent methods employed *(see, supra,* at 27; *see also, Feiger v Iral Jewelry,* 41 NY2d 928, 929). There is no postemployment fraud alleged on Nikola's part in purchasing the Fenton parcel and we reject plaintiff's contention that its development plans for the allegedly "special" and "unique" Fenton parcel constituted confidential information or trade secrets. That information was, in our view, readily ascertainable from other sources *(see, Best Metro. Towel & Linen Supply Co. v A & P Coat, Apron & Linen Supply,* 149 AD2d 642, 644; *Levine v Bochner,* 132 AD2d 532, 533). Indeed, the Fenton parcel was available on the open market for several years and two years lapsed between the time Nikola left Halperin and his purchase of the property, with another two years passing between that purchase and this lawsuit. Accordingly, plaintiff has failed to demonstrate the existence of factual issues that would substantiate any alleged breach of a fiduciary duty owed to it. It follows, accordingly, that no constructive trust was created in its favor nor any tortious conspiracy perpetrated against it.

For these reasons, we find that the order granting the motion for partial summary judgment was, in all respects, proper.

Order affirmed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.