■ GRAUBARD MOLLEN DANNET & HOROWITZ, Formerly Known as GRAUBARD MOSKOVITZ DANNET HOROWITZ & MOLLEN, Respondent, v JONATHAN EDELSTEIN et al., Appellants.— Judgment, Supreme Court, New York County (Myriam Altman, J.), entered June 12, 1990, which, *inter alia,* granted summary judgment in favor of the plaintiff as against defendants Jonathan Edelstein ("Edelstein") and George Kazantzis ("Kazantzis"), jointly and severally, in the sum of $276,505.63, including interest, costs and disbursements, and as against defendant Carol Kohlreiter in the sum of $6,706.58, including interest, costs and disbursements, unanimously affirmed, with costs.

Plaintiff, a New York partnership engaged in the practice of law, commenced the underlying action against the defendants, general partners, shareholders and principals of HQZ Enterprises, Inc., HQZ Marketing, Inc., and other entities ("the HQZ Entities"), seeking to enforce a Guaranty and Promissory Note, executed by defendants Edelstein and Kazantzis on December 12, 1984, wherein they promised to pay the then-existing and future indebtedness of the HQZ Entities to the plaintiff law firm for outstanding legal fees and disbursements. Plaintiff also sought to recover legal fees and disbursements for services rendered by the plaintiff to defendant Kohlreiter personally.

Upon examination of the record, we find, as did the IAS court, that the affirmative defense of defendants Edelstein and Kazantzis that the Promissory Note and Guaranty were procured by fraud in the inducement was barred under New York law by the specific language of the instruments in question which expressly and unambiguously created an unconditional guarantee *(Citibank v Plapinger,* 66 NY2d 90, 95).

Equally devoid of merit is the defendants' affirmative defense of duress since, in opposing summary judgment, they

failed to proffer probative, admissible and evidentiary facts establishing that the defendants were compelled to execute the Promissory Note and Guaranty because of a wrongful threat by the plaintiff which precluded the exercise of the defendants' free will *(805 Third Ave. Co. v M.W. Realty Assocs.,* 87 AD2d 544, 545, *affd* 58 NY2d 447, 451); that the plaintiff, in demanding payment of its legal fees, seeking to be relieved as counsel and placing a retaining lien on the defendants' files, had made an illegal threat *(Edison Stone Corp. v 42nd St. Dev. Corp.,* 145 AD2d 249, 254); and that the execution of the Promissory Note and Guaranty by the defendants was not merely the product of a reasonable business decision negotiated in good faith between the parties and their attorneys *(Welford Realty v Brause,* 93 AD2d 758, 759, *affd* 60 NY2d 623).

In any event, we find that defendants Edelstein and Kazantzis have waived their present defenses and ratified their obligations under the Promissory Note and Guaranty by soliciting and accepting an extension of time to fulfill their obligations to the plaintiff and in executing a May 15, 1987 Agreement acknowledging their indebtedness to the plaintiff, at a time when the defendants were aware of the plaintiff's alleged antecedent fraud *(Edison Stone Corp. v 42nd St. Dev. Corp., supra,* at 251).

We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rubin, JJ.