■ THEODORE H. FRIEDMAN, Appellant, v MARTIN D. FIFE, Respondent. [692 NYS2d 61] —Order, Supreme Court, New York County (Stephen Crane, J.), entered December 18, 1997, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.

Defendant, Chairman of the Board and Chief Executive Officer of Skysat Communications Network Corporation (Skysat), a start-up corporation engaged in developing new communications technology, induced plaintiff, his neighbor, to purchase stock in the company in February 1994, prior to a contemplated initial public offering (IPO) of Skysat's stock. The purpose was to provide a portion of the bridge financing for Skysat until completion of the IPO. Plaintiff was further told that he could roll over his initial investment in order to purchase additional Skysat securities in the IPO in June 1994. After the price of Skysat stock fell in 1995, and plaintiff was informed by defendant that his shares were restricted from sale, plaintiff commenced this action against defendant seeking to recover his losses.

Supreme Court properly granted defendant's motion to dismiss. In light of the undisputed documentary evidence and plaintiff's admissions, none of the misstatements alleged by plaintiff can support his causes of action for fraud, fraudulent

concealment or negligent misrepresentation. The complaint alleges that defendant misrepresented, prior to plaintiff's initial investment, that the only restriction on the stock purchased before the IPO would be a "lock-up" for 15 months after the IPO. However, plaintiff subsequently signed a stock restriction agreement providing that one-half of his stock purchased prior to the IPO would be held in escrow and subject to forfeiture if specified earnings goals were not met by certain dates. In doing so, plaintiff ratified his prior purchase of the stock, made without knowledge that such an agreement would be required, and waived any cause of action based on the failure to disclose such information (*see, Graubard Mollen Dannet & Horowitz v Edelstein,* 173 AD2d 230). Plaintiff will not be heard to claim that he received only a signature page for the stock restriction agreement, since he was bound to know and read what he signed (*Gillman v Chase Manhattan Bank,* 73 NY2d 1, 11; *Beattie v Brown & Wood,* 243 AD2d 395; *World Yacht v Italian Welfare League,* 200 AD2d 518).

Plaintiff's additional claims that, in making his original decision to invest prior to the IPO, he materially relied on defendant's alleged representations that defendant would not receive a salary until Skysat began to earn operating income, and that defendant had invested more than $300,000 of his own money in the venture, are conclusively rebutted by plaintiff's election to purchase additional Skysat securities in the IPO, when any prior misrepresentations as to such matters were cured by disclosures in the prospectus disseminated in connection with the IPO. Any purported misrepresentations concerning the number and percentage of shares plaintiff was purchasing in his initial investment were negated by a term sheet, which plaintiff implicitly admits receiving shortly after delivering the checks for purchase of the shares, and plaintiff thereafter ratified the transaction by knowingly acquiescing therein, and accepting the benefit thereof, without protest (*see, e.g., Richardson Greenshields Sec. v Mui-Hin Lau,* 819 F Supp 1246, 1259; 2A NY Jur 2d, Agency, §§ 186, 187, 190).

The dismissal of plaintiff's cause of action for breach of fiduciary duty was also correct, inasmuch as the agreement for defendant to act as plaintiff's agent was very limited and terminated as soon as that transaction was consummated, and any fiduciary duty that arose from such agency terminated simultaneously with the agency (*see, Smallwood Estates v Nikola,* 163 AD2d 763, 764). Nor would any of the other facts alleged by plaintiff, including that the parties had been neighbors for 20 years, give rise to any fiduciary duties. We have

considered plaintiff's remaining contentions and find them to be unpersuasive. Concur—Mazzarelli, J. P., Rubin, Andrias and Buckley, JJ.