[Cite as *Union Bank Co. v. Lampert*, 2014-Ohio-4427.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

THE UNION BANK COMPANY,

    PLAINTIFF-APPELLEE,

    v.                              CASE NO.  2-13-32

PATRICK A. LAMPERT, ET AL.,

    DEFENDANTS-APPELLANTS,
    -and-

                                O P I N I O N

APRIL BOWERSOCK, AUGLAIZE
COUNTY TREASURER, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2012 CV 0084

Judgment Affirmed

Date of Decision:   October 6, 2014

APPEARANCES:

    *Richard A. Boucher and Julia C. Kolber* **for Appellants**

    *Jerry M. Johnson and Christine M. Bollinger*  **for Appellee,**
        **The Union Bank Company**

Case No. 2-13-32

**PRESTON, J.**

{¶1} Defendants-appellants, Thomas G. and Diane L. Kloeppel, Thomas J. and Jill E. Kloeppel, New Vision Feeds, Inc. ("New Vision"), Kloeppel Cattle Company ("KCC"), and KLK Cattle Company ("KLK") (collectively, the "Appellants"), appeal the November 27, 2013 judgment entry of foreclosure of the Auglaize County Court of Common Pleas.[1]  For the reasons that follow, we affirm.

{¶2} On March 19, 2012, plaintiff-appellee, The Union Bank Company ("Union Bank"), filed a "complaint for foreclosure, replevin, and money judgment" against the Appellants and other defendants, some of whom defaulted by not filing answers, others of whom ultimately disclaimed their interests or were dismissed from the case, and others of whom have not appealed the trial court's judgment entry of foreclosure.  (Doc. No. 1).  (*See also* Doc. No. 218).  Union Bank alleged that various combinations of the Appellants were in default on 19 promissory notes, and it sought to foreclose on various parcels and sought replevin on various items of personal property securing the notes.  (Doc. No. 1).

{¶3} On May 31, 2012, the Appellants filed their respective answers to Union Bank's complaint and their respective bad-faith counterclaims against Union Bank.  (Doc. Nos. 79, 80, 81, 83, 84).

---

[1] Patrick A. and Jamie E. Lampert (collectively, the "Lamperts") originally joined the Appellants in the appeal of the trial court's November 27, 2013 judgment entry. (*See* Doc. No. 221). However, the Lamperts' appeal was dismissed by this court pursuant to the Lamperts' "Notice of Dismissal of Appeal as to Lampert Parties' [sic] Only," filed September 25, 2014.

{¶4} On January 25, 2013, Union Bank filed motions for summary judgment as to the Appellants. (Doc. Nos. 125, 126, 127, 129, 130). In those motions, Union Bank argued that it was entitled to judgment as a matter of law based on the Appellants' default on various promissory notes.

{¶5} On June 26, 2013, the Appellants filed responses in opposition to Union Bank's motions for summary judgment against them. (Doc. Nos. 174, 175, 176, 177, 178). In their responses in opposition, the Appellants argued that Union Bank failed to demonstrate how or when the Appellants defaulted on the notes, that the Appellants did not receive proper notice prior to a declaration of default or acceleration, and that the affidavit supporting Union Bank's motions for summary judgment was executed by an individual without personal knowledge of the facts of the case or the information in the affidavit. (*See id.*).

{¶6} On June 26, 2013, Union Bank filed a reply in support of its motions for summary judgment against the Appellants. (Doc. No. 186).

{¶7} On July 23, 2013, the trial court filed a "summation and opinion" granting Union Bank partial summary judgment. (Doc. No. 191). The trial court concluded that there was no genuine issue of material fact that the Appellants were in default on the notes and that Union Bank was entitled to judgment in its favor. However, the trial court noted that the balances owed on some of the notes were unclear and said that Union Bank "must prove the accounting as to each note, the

payments, the interest rates, and the balance owed." (*Id.*). The trial court set those "remaining issues" for trial, but also granted the parties "further leave to file motions for summary judgment, limited to the remaining issues ONLY, however, on or before August 29, 2013." (Emphasis sic.) (*Id.*).

{¶8} On August 29, 2013, Union Bank filed a "second motion for summary judgment as to accounting, payments, interest rates, balance owed and counterclaims of the defendants." (Doc. No. 200).

{¶9} On September 25, 2013, the Appellants filed a response in opposition to Union Bank's second motion for summary judgment. (Doc. No. 209). The Appellants argued that Union Bank "misappropriated funds received on behalf of Defendants, making payments on accounts not associated with funds received and paying off loans due later in time than others." (*Id.*). They also argued that Union Bank made unauthorized advances on at least one loan and charged unreasonable legal fees on two loans. (*Id.*). Finally, the Appellants argued that these alleged misdeeds on the part of Union Bank demonstrated that summary judgment was not appropriate on the Appellants' bad-faith counterclaims. (*Id.*).

{¶10} On October 7, 2013, Union Bank filed a "supplement" to its second motion for summary judgment. (Doc. No. 211). Attached to the supplement was "a summary matching Debtors and Loans with an *aggregate* amount due of each Debtor." (Emphasis sic.) (*Id.*).

{¶11} That same afternoon, the Appellants filed a "supplemental response" to Union Bank's second motion for summary judgment. (Doc. No. 212). The Appellants reiterated their "position that [Union Bank] caused the defaults by misapplying payments and charging unnecessary and erroneous late fees, charges and legal fees." (*Id.*). Attached to the Appellants' supplemental response was a table containing the amounts reflecting "the principal amounts of the loans, interest charges and all fees up until April, 2010," except that the Appellants subtracted "[a]ll fees, late charges and legal fees," which they argued had "never been proven to this Court to be reasonable." (*Id.*).

{¶12} On October 11, 2013, the trial court filed a judgment entry granting partial summary judgment in Union Bank's favor. (Doc. No. 214). In that judgment entry, the trial court incorporated its July 23, 2013 "summation and opinion" and granted judgment in Union Bank's favor for specific amounts against the Appellants and on the Appellants' counterclaims. (*Id.*). The trial court concluded that two genuine issues of material fact remained—whether Union Bank had the right to obtain judgment on one loan to the Lamperts and whether Union Bank's claim for legal fees was fair, just, and reasonable. (*Id.*). The trial court set the two remaining issues for trial. (*Id.*).

{¶13} On November 22, 2013, Union Bank, the Lamperts, and all of the Appellants, except Diane L. Kloeppel and Jill E. Kloeppel, filed a stipulation

resolving the two remaining issues for trial. (Doc. No. 217). (*See also* Doc. No. 218). In the stipulation, the parties agreed that the amount of legal fees requested by Union Bank was reasonable. (Doc. No. 217). They also agreed that the Lamperts had a home equity loan with Union Bank that was not in default and under which Union Bank was not pursuing foreclosure. (*Id.*).

{¶14} On November 27, 2013, the trial court filed its judgment entry of foreclosure that is the subject of this appeal. (Doc. No. 218). In rejecting the Appellants' arguments that genuine issues of material fact remained as to Union Bank's claims and the Appellants' bad-faith counterclaims, the trial court relied heavily on a "Forbearance and Reaffirmation Agreement" ("Agreement") into which Thomas J. Kloeppel, Thomas G. Kloeppel, Patrick A. Lampert, New Vision, KCC, and KLK entered with Union Bank on September 28, 2010. (*Id.*). The trial court entered judgment in favor of Union Bank and against the Appellants for specific amounts, and it set forth the priority of liens on the various real and personal property securing the promissory notes.[2] (*Id.*). Based on the parties' stipulation, the trial court also awarded Union Bank reasonable attorney fees in the amount of $49,492.92.[3] (*Id.*).

---

[2] No money judgment was entered against Diane L. Kloeppel and Jill E. Kloeppel; however, they both executed mortgages against real property that was the subject of the trial court's judgment, and Jill E. Kloeppel executed consumer security agreements against personal property that was the subject of the trial court's judgment.
[3] On appeal, the Appellants do not challenge the trial court's award of attorney fees.

{¶15} The Appellants filed their notice of appeal on December 20, 2013. (Doc. No. 221). They raise three assignments of error for our review. We will first address together the second and third assignments of error, followed by the first assignment of error.

### Assignment of Error No. II

**The trial court erred in granting summary judgment when genuine issues of fact remained as to whether appellee misled appellants into entering into loans and forced the default of the loans by applying payments in an arbitrary manner.**

### Assignment of Error No. III

**The trial court erred in granting summary judgment in favor of appellee on appellant's [sic] counterclaim [sic] for bad faith.**

{¶16} In their second assignment of error, the Appellants argue that there is a genuine issue of fact concerning whether Union Bank "improperly applied payments in the ordinary course of business, heedlessly causing a default and/or payment arrearage." (Appellants' Brief at 9). Specifically, the Appellants argue that in June and July 2010, Union Bank received funds belonging to KCC and applied those funds not to KCC's debts, but to the accounts of three of the Appellants—New Vision, Thomas G. Kloeppel, and KLK—a third-party family member, and an insurance company. The Appellants also argue that Union Bank "paid off loans that were not due at the time of payment instead of paying off notes that had already matured and were due and payable. (*Id.*). The Appellants

argue "that but for [Union Bank's] misappropriation of funds Appellants would not owe the amounts claimed by [Union Bank] and that the accounting by [Union Bank] fails to take into consideration miscalculations it caused by the misappropriation." (*Id.* at 11).

{¶17} The Appellants make many of the same arguments under their third assignment of error, this time in support of their assertion that genuine issues of fact exist as to their bad-faith counterclaims. They again argue that a genuine issue of fact exists concerning whether Union Bank "improperly applied payments in the ordinary course of business, heedlessly causing a default and/or payment arrearage." (*Id.* at 13). The Appellants argue that "[o]n a minimum of two separate occasions, [Union Bank] failed to use funds paid directly to [Union Bank] on behalf of one Appellant to pay off that Appellant's debts" and that Union Bank "failed to obtain authorization from Appellants to pay on loans not held by Appellants, but rather held by family members or associate companies." (*Id.* at 13-14). Finally, the Appellants argue that Union Bank "paid off loans that were not due at the time of payment instead of paying off notes that had already matured" and that "there were advancements made on loans that were not authorized by Appellants." (*Id.* at 14).

{¶18} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there

is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶19} Before addressing the Appellants' arguments under their second and third assignments of error, we will address the deficiencies of the Appellants' brief. First, although the Appellants' second assignment of error contains a statement that a genuine issue of fact "remained as to whether appellee misled appellants into entering into loans," they make no arguments related to that assertion. (Appellants' Brief at 7-12). "[P]ursuant to App.R. 12(A)(2), '[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Wasinski v. PECO II, Inc.*, 3d Dist. Crawford Nos. 3-08-14 and 3-08-16, 2009-Ohio-2615, ¶ 15, quoting App.R. 12(A)(2). Therefore, under App.R. 12(A)(2), we decline to address the Appellants' bald assertion— unsupported by argument or citations to the record—that a genuine issue of fact remained concerning whether Union Bank misled them "into entering into loans."

{¶20} We also note that, aside from authorities setting forth the de novo standard of review of summary-judgment decisions and two inapposite cases discussing "bad faith" under different statutes, the Appellants cite no authorities in support of their arguments under their second and third assignments of error. Namely, the Appellants do not explain how the alleged "genuine issues of fact" are material in light of the substantive law governing this case.

{¶21} "In deciding a summary judgment case, it is '[t]he substantive law [that] determines whether a genuine issue of material fact remains.'" *Matthews v. Exigence of Fremont, L.L.C.*, 6th Dist. Sandusky No. S-13-012, 2013-Ohio-5907, ¶ 31, quoting *Jones v. Wheelersburg Local School Dist.*, 4th Dist. Scioto No. 12CA3513, 2013-Ohio-3685, ¶ 28. *See also Heffner Investments, Ltd. v. Piper*, 3d Dist. Mercer Nos. 10-07-09 and 10-07-10, 2008-Ohio-2495, ¶ 15 ("'As to materiality, the substantive law will identify which facts are material.'"), quoting *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). Indeed, "[t]he first step in determining whether there were any genuine issues of material fact is an examination of applicable substantive law * * *." *Orndorff v. ALDI, Inc.*, 115 Ohio App.3d 632, 635 (9th Dist.1996), citing *Anderson* at 248. The Appellants offer no arguments concerning this first step under their second and third assignments of error, and we will not supply arguments for them. *See Camp v.*

*Star Leasing Co.*, 10th Dist. Franklin No. 11AP-977, 2012-Ohio-3650, ¶ 67 ("It is not the duty of this court to construct legal arguments in support of an appellant's appeal."); *Reid v. Plainsboro Partners, III*, 10th Dist. Franklin Nos. 09AP-442 and 09AP-456, 2010-Ohio-4373, ¶ 25, 28 (stating that an appellate court "may not construct legal arguments for" an appellant).

**{¶22}** Nevertheless, we hold that no genuine issues of fact remain as to whether Union Bank "forced the default of the loans by applying payments in an arbitrary manner" or as to whether Union Bank acted in "bad faith." Underlying each assignment of error is the Appellants' assertion that Union Bank misapplied payments or otherwise mishandled their loan accounts. Dispositive of both assignments of error is the Agreement between Union Bank and Thomas J. Kloeppel, Thomas G. Kloeppel, Patrick A. Lampert, New Vision, KCC, and KLK. (Agreement, Doc. No. 1, Ex. 46; Doc. No. 186, Ex. 46).[4]

**{¶23}** The Appellants allege that the misapplication of payments leading to default occurred in June and July 2010. However, the record reflects that the Agreement was executed approximately two or three months later, on September 28, 2010. In the Agreement, the signing Appellants acknowledged that they were

---

[4] It appears that Union Bank never properly authenticated the Agreement under Civ.R. 56, although it did attach the Agreement to its complaint and its June 26, 2013 reply in support of its initial motions for summary judgment. The Appellants did not object, and the trial court considered the Agreement. Even though it was not properly authenticated under Civ.R. 56, the trial court, in its discretion, was free to consider the Agreement absent an objection from the Appellants. *Bader v. Ferri*, 3d Dist. Allen No. 1-13-01, 2013-Ohio-3074, ¶ 13. Therefore, we too will consider the Agreement for purposes of our review, despite its apparent noncompliance with Civ.R. 56. *Id.* at ¶ 14.

"in default of the terms of the Promissory Notes described in the attached Exhibit A as well as additional Promissory Notes which are not a part of this Agreement * * *" and that "but for this Agreement, the Debtors would presently be obligated to immediately pay the Promissory Notes described on the attached Exhibit A." (Agreement at 1). The Appellants who signed the Agreement also agreed "that, subject to the defenses filed by the Debtors in the Shelby County litigation, as of June 21, 2010, the outstanding principal amount of, and accrued but unpaid interest on, the obligations was no less than [$3,831,039.04]." (*Id.* at 1-2).

{¶24} "Exhibit A" to the Agreement listed 18 promissory notes. (*Id.* at 11-12). Union Bank sued the Appellants under 9 of those 18 promissory notes, alleging that the Appellants were in default on them. (Doc. No. 1). As for the remaining 10 promissory notes that Union Bank included in its complaint but did not list in Exhibit A to the Agreement, each one contained a "cross-collateralize, cross-default" provision that made the default of one promissory note a default of all other indebtedness of the Appellants signing the promissory note:

> **CROSS-COLLATERALIZE, CROSS-DEFAULT.** This loan is herein cross-collateralized and cross-defaulted with all other indebtedness of each and every borrower and/or guarantor hereunder, whether such debt now exists or is entered into in the

future and any and all renewals, extensions or modifications of same.

(Emphasis sic.) (Doc. No. 200, Thompson Aff., Exs. 1, 3, 5, 8, 14, 30, 32, 34, 36, 38). Each one of these 10 promissory notes predated the September 28, 2010 Agreement. (*See id.*). Therefore, under the provisions in the promissory notes, the Appellants' acknowledgement that they were in default on the promissory notes listed in Exhibit A to the Agreement also served as an acknowledgement that they were in default on the 10 promissory notes not listed in Exhibit A.

**{¶25}** The Appellants do not dispute the validity of the Agreement. Nor do they argue that they preserved from "the Shelby County litigation" any defenses relevant to this issue. Rather, they argue that Union Bank's "mistakes do not just disappear because they happened before a Forbearance Agreement was entered into by the parties." (Appellants' Reply Brief at 3-4). According to the Appellants, "It is not relevant *when* the misapplication of payments occurred, but simply that they did occur." (Emphasis sic.) (*Id.* at 3). We disagree.

**{¶26}** By executing the Agreement and acknowledging that they were in default of the promissory notes on which Union Bank eventually sued them— whether by operation of the Agreement's terms, for the promissory notes listed in Exhibit A, or by operation of the "cross-collateralize, cross-default" clauses, for the promissory notes not listed in Exhibit A—and by agreeing that they owed a

minimum sum of $3,831,039.04, the Appellants cut off any arguments they may have had concerning the alleged bad-faith misapplication of payments that occurred *before* execution of the Agreement. *See Graubard Mollen Dannet & Horowitz v. Edelstein*, 173 A.D.2d 230, 231, 569 N.Y.S.2d 639 (1991) (concluding that the defendants "waived their present defenses and ratified their obligations under the Promissory Note and Guaranty by soliciting and accepting an extension of time to fulfill their obligations to the plaintiff and in executing a[n] * * * Agreement acknowledging their indebtedness to the plaintiff, at a time when the defendants were aware of the plaintiff's alleged antecedent fraud"); *S.E.C. v. Bilzerian*, 378 F.3d 1100, 1109 (D.C.Cir.2004) (agreeing with the trial court's conclusion that by reaffirming his obligations under a note, the defendant waived any fraud defense he might have had under Florida law). *See also BAC Home Loans Servicing, L.P. v. Haas*, 3d Dist. Marion No. 9-13-40, 2014-Ohio-438, ¶ 23, fn. 3 ("Essentially, a reaffirmation agreement is a new contract that renegotiates or reaffirms a debtor's personal liability on the original debt."). In other words, on September 28, 2010, the Appellants acknowledged that they were in default on the promissory notes, even *after* the alleged bad-faith misapplication of payments that occurred in June and July 2010. If the Appellants believed they were not in default—or that Union Bank acted in bad faith and "forced the default"—they

should have declined to agree they were in default or preserved that issue in the Agreement. They did not do so.

**{¶27}** For the reasons above, there is no genuine issue of fact as to whether Union Bank "forced the default."

**{¶28}** The Appellants' second and third assignments of error are overruled.

## Assignment of Error No. I

**The trial court erred in granting summary judgment when the amount of alleged damages was undeterminable.**

**{¶29}** In their first assignment of error, the Appellants argue that "[i]t was reversible error for the trial court to grant [Union Bank's motions for summary judgment] despite the fact that it was unable to determine from the pleadings and evidence before it what amount, if any, was due [Union Bank]." (Appellants' Brief at 5). They argue that "because the alleged amount in default was so unclear[,] that alone was sufficient to create a dispute of fact to defeat summary judgment." (*Id.* at 6). The Appellants point to the trial court's statement in its July 23, 2013 "summation and opinion" that it was necessary for Union Bank "'to provide additional or supplemental account summaries regarding the Notes in default since it is difficult to ascertain exactly what amounts are due and owing to date and how those amounts were calculated.'" (*Id.*, quoting Doc. No. 191). The Appellants argue that the "additional or supplemental account summaries"

provided by Union Bank were not evidence on which the trial court could base summary judgment.

**{¶30}** We again note that, as they failed to do under their second and third assignments of error, the Appellants have failed to explain how the alleged dispute of fact described under their first assignment of error is material in light of the substantive law governing this case. *See Matthews*, 2013-Ohio-5907, at ¶ 31. Aside from authorities setting forth the de novo standard of review of summary-judgment decisions, the Appellants cite only three inapposite cases concerning the inappropriateness of a cognovit judgment when the note is facially insufficient to support that judgment. This case does not involve a cognovit judgment. Once again, we will not supply for the Appellants their arguments concerning materiality. *Speakman*, 2014-Ohio-2152, at ¶ 7.

**{¶31}** Nevertheless, we hold that the amount in default was not so unclear so as to "create a dispute of fact to defeat summary judgment." We note that the Appellants do not dispute the specific amounts for which the trial court entered judgment against the Appellants and in favor of Union Bank. Therefore, we will not address those specific amounts. Rather, the Appellants argue two things. First, they argue that the trial court based its decision on information other than evidence properly before the trial court. Second, they argue that the trial court's

asking for "additional or supplemental account summaries" demonstrates that the amount in default was so unclear as to create a genuine issue of fact.

{¶32} We need not consider the Appellants' argument that the trial court considered evidence other than evidence properly before it. The Appellants did not object to any of the evidence submitted by Union Bank in support of its motions for summary judgment. "The failure to object to evidence submitted in support of a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)." *Loukinas v. Roto-Rooter Servs. Co.*, 167 Ohio App.3d 559, 2006-Ohio-3172, ¶ 22 (1st Dist.). *See also Zeallear v. F & W Properties*, 10th Dist. Franklin No. 99AP-1215, 2000 WL 1015345, *5 (July 25, 2000) ("Issues not timely raised in the trial court and presented for the first time on appeal shall not be considered. * * * Failure to raise * * * objections to evidence in opposition to summary judgment will constitute waiver of such arguments."). Because the Appellants failed to object to the admission of evidence in support of Union Bank's motions for summary judgment, the Appellants waived that issue, and we will not consider it.

{¶33} Moreover, even if we were to consider the Appellants' argument that the trial court considered evidence improperly before it, "when a party fails to object to evidence that is otherwise inadmissible under Civ.R. 56(C), 'the court may, but is not required to consider such evidence when it determines whether

-17-

summary judgment is appropriate.'" *Bader v. Ferri*, 3d Dist. Allen No. 1-13-01, 2013-Ohio-3074, ¶ 13, quoting *Armaly v. City of Wapakoneta*, 3d Dist. Auglaize No. 2-05-45, 2006-Ohio-3629, ¶ 17. Because the Appellants failed to object, the trial court was allowed to consider evidence submitted by Union Bank that may have otherwise not complied with Civ.R. 56.

**{¶34}** Finally, even assuming the trial court requested supplemental evidence, "supplemental evidence is a permissible tool to support a motion for summary judgment." *Kisielius v. Kisielius*, 3d Dist. Shelby Nos. 17-09-05 and 17-09-11, 2009-Ohio-4624, ¶ 21, citing *Feichtner v. Kalmbach Feeds, Inc.*, 3d Dist. Wyandot No. 16-04-09, 2004-Ohio-6048, ¶ 11. And it is well within a trial court's discretion to order or allow parties to supplement their arguments in favor of or against summary judgment. *See McElrath v. Trumbull Cty. Children's Servs. Bd.*, 11th Dist. Trumbull No. 93-T-4959, 1994 WL 638193, *4 (Nov. 16, 1994). Therefore, the Appellants' argument is meritless.

**{¶35}** Similarly meritless is the Appellants' argument that had there been no genuine issue of fact, the trial court would not have needed to request "additional or supplemental account summaries." Just as they failed to do in response to Union Bank's second motion for summary judgment, the Appellants on appeal fail to suggest *how* the amounts requested by Union Bank and awarded by the trial court are incorrect even after the Agreement. Instead, they argue only

that "the alleged amount in default was so unclear" that a dispute of fact remained to defeat summary judgment. (Appellants' Brief at 6). Once Union Bank came forward with evidence of the amounts in default, it was the Appellants' burden to rebut that evidence by pointing the trial court to "specific facts" demonstrating a genuine issue of fact concerning those amounts. *Chase Home Fin., L.L.C. v. Heft*, 3d Dist. Logan Nos. 8-10-14 and 8-11-16, 2012-Ohio-876, ¶ 28, quoting Civ.R. 56(E). *See also Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The Appellants failed to do so, and we reject their amorphous, nonspecific argument that a genuine issue of fact remains because the trial court asked for "additional or supplemental account summaries." *See Teetors v. Benson Truck Bodies, Inc.*, 6th Dist. Sandusky No. S-93-9, 1994 WL 63016, *4 (Feb. 25, 1994) ("[W]e hold that the mere existence in the voluminous record of a complex case, of evidence sufficient to show a genuine issue of material fact is not enough to avoid summary judgment, as the party with the burden of setting forth specific facts must draw the trial court's attention to that evidence in some manner. The trial court is under no obligation to search the record for evidence in support of a party's position."). *See also Blount v. Schindler Elevator Corp.*, 10th Dist. Franklin No. 02AP-688, 2003-Ohio-2053, ¶ 40, citing *Teetors*.

{¶36} In short, Civ.R. 56 "does not exclude 'factually and legally complex' cases from resolution by summary judgment when appropriate. Such cases are *not*

inappropriate for summary judgment." (Emphasis sic.) *Bowes v. Cincinnati Riverfront Coliseum, Inc.*, 12 Ohio App.3d 12, 15 (1st Dist.1983). To the extent the Appellants argue that this case is inappropriate for summary judgment simply because the record is voluminous and contains multiple promissory notes with varying parties responsible for each and various collateral securing each, we reject the Appellants' argument.

{¶37} The Appellants' first assignment of error is overruled.

{¶38} Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**