[Cite as *Hartwick v. Martinez*, 2019-Ohio-1286.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

AMANDA HARTWICK,
NKA FREDERICK,

        PLAINTIFF-APPELLEE,             CASE NO.  14-18-17

        v.

NICHOLAS MARTINEZ,              O P I N I O N

        DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Juvenile Division
Trial Court No. 20440056

Judgment Affirmed

Date of Decision:   April 8, 2019

APPEARANCES:

    *Elizabeth N. Gaba* for Appellant

    *Chad R. Fritz* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Nicholas Martinez ("Martinez"), brings this appeal from the September 7, 2018, judgment of the Union County Common Pleas Court, Juvenile Division, imposing a thirty day jail sentence for failing to purge a contempt finding from 2005, which was based on Martinez's failure to pay child support and his accumulated arrearages. On appeal, Martinez argues, *inter alia*, that the Union County Common Pleas Court, Juvenile Division, lacked jurisdiction over this matter, and that the trial court erred by imposing the jail sentence.

*Relevant Facts and Procedural History*

{¶2} Martinez is the father of M.M., born in September of 1996, and A.M., born in January of 2000. Martinez was administratively ordered to pay child support for his children by the Union County Child Support Enforcement Agency ("the Agency") on March 19, 2003, in the amount of $249.87 per month (with processing charges).

{¶3} On June 29, 2004, the Agency filed a "Motion to Show Cause," alleging that Martinez had failed to pay child support as ordered and that he had accumulated arrearages. That motion was later dismissed when Martinez began making support payments.

{¶4} On March 22, 2005, the Agency filed another "Motion to Show Cause," alleging that Martinez had failed to pay his child support and that he had accumulated arrearages in the amount of $2,925.44.

{¶5} On June 13, 2005, Martinez was found to be in contempt of court for his failure to pay, and he was sentenced to serve thirty days in jail. All thirty days were suspended on conditions that he begin to make, and continue to make, all current and future support payments. He was also ordered to pay an additional $48.99 per month to be credited toward his support arrearage. Martinez did not appeal any of these issues.

{¶6} On February 15, 2006, the Agency filed a "Motion to Impose Jail Sentence," alleging nonpayment of support and arrearages in the amount of $4,184.79. The Agency was alleging that Martinez had failed to purge his contempt finding. Martinez failed to appear at the hearing on the matter, and the trial court issued a *capias* for his arrest. Subsequently, the trial court, on its own motion, dismissed the "Motion to Impose Jail Sentence" due to the fact that Martinez had been indicted.[1]

{¶7} On March 2, 2010, the Agency filed a second "Motion to Impose Jail Sentence" alleging that Martinez had failed to pay his child support and that he had

---

[1] It is not clear from the record if the indictment was specifically for failure to pay child support as the indictment is not in the record and there are no specifics related to it in the trial court's dismissal entry.

accumulated arrearages in the amount of $14,620.96. Martinez failed to appear at the hearing, so a *capias* was again issued for his arrest.

{¶8} Subsequently, Martinez obtained counsel and filed a motion to vacate all orders and judgments rendered in this case due to "fatal defects" and he argued for dismissal of the case. In support, he argued that in the Agency's original motion in this case, it failed to attach the actual child support order or child support worksheets, rendering all matters thereafter in this case invalid, despite never filing any prior appeals or previously challenging these issues with the trial court.

{¶9} On November 3, 2011, the Agency voluntarily dismissed its "Motion to Impose Jail Sentence." Nevertheless, despite the dismissal, a hearing was held on November 15, 2011. While there is no transcript of what transpired at the hearing, the trial court filed an entry indicating that it had jurisdiction over the matter, and that "upon agreement of the parties, this matter is voluntarily dismissed without prejudice upon payment of the court costs [by Martinez]." (Doc. No. 59). There is no reference specifically to Martinez's motion to vacate/dismiss in the entry; rather, the entry just stated that the "matter" would be dismissed.

{¶10} The record indicates that on April 18, 2011, in Paulding County, Martinez and the children's mother reached an agreement wherein Martinez would be designated the sole residential parent for M.M. At that time, the mother would retain custody of A.M., and the parties would alternate custody weekends so that

the children would be together each weekend. The Paulding County Common Pleas Court order indicated that beginning March 20, 2011, neither party would "pay any child support to the other. Instead, each shall directly support the child who is in his/her respective custody. This order is based upon the equal-time ratio of custody and the relative earnings of the parties."[2] (Doc. No. 93, Ex. B).

{¶11} On June 19, 2012, the Agency filed a "R.C. §3121.11 Notice of Lump Sum Payment," indicating that Martinez was "due to receive a lump sum payment in excess of $150.00." The "Notice" stated that Martinez "is ordered to pay child support to the Mother/Obligee * * * and the Agency's records indicate that * * * Martinez is in default of her [sic] child support obligation." (Doc. No. 60). On June 20, 2012, the trial court filed an "order," indicating that Martinez had accumulated arrearages in the amount of $16,331.72 as of May 31, 2012. Thus the lump sum payment was ordered to be applied to the arrearage.

{¶12} On September 17, 2014, the Agency issued a "Notice of Child Support Investigation – Termination of Support." The "Notice" indicated that when M.M. reached the age of majority in September of 2014, her support order should terminate. The Notice stated that at that time Martinez owed arrearages of $11,607.16. The Notice also stated that his prior obligation was $293.96 (not including processing charges), and that his new obligation for only one child, A.M.,

---

[2] The Paulding County entry included in the record is a photocopy that indicates each party had an attorney and that there was a GAL involved in the Paulding County proceedings.

would be $146.98 monthly, plus arrearages of $29.40, and a processing charge of $3.53 for a total of $179.91. On September 24, 2014, the "Notice" was adopted as the order of the trial court.

{¶13} On March 11, 2015, the Agency filed another "Motion to Impose Jail Sentence" alleging that Martinez had failed to pay his accumulated arrearages in the amount of $11,198.32. The Agency later voluntarily dismissed the motion on August 25, 2015, when Martinez resumed making payments.

{¶14} The record indicates, through an affidavit made by a member of the Agency, that on April 13, 2016, the Paulding County Common Pleas Court, Juvenile Division, designated Martinez residential parent of A.M., and stated that no child support order was issued at that time.

{¶15} On September 7, 2016, the Agency filed yet another "Motion to Impose Jail Sentence," alleging nonpayment on arrearages amounting to $9,349.24 at that time. That motion was again voluntarily dismissed in January of 2017 when Martinez resumed making payments.

{¶16} On February 21, 2018, the Agency filed an additional "Motion to Impose Jail Sentence" alleging that Martinez had failed to pay his arrearages in the amount of $6,456.68. Martinez was served by certified mail,[3] but he failed to appear

---

[3] He resided out of the county and was apparently going through an eviction at the time based on some documents he later filed. The trial court found, and the record indicates, that Martinez was properly served, with his signature appearing on the return receipt.

for a hearing on April 19, 2018. A magistrate overseeing the matter heard testimony from an Agency employee that Martinez had a monthly obligation of $299.84 (including processing charge) and that his total arrearage as of March 31, 2018, was $6,468.44. The Agency employee testified that the last payment made was on August 21, 2017, in the amount of $299.84, from a financial withholding. At the conclusion of the testimony, the magistrate ordered that the previously suspended thirty-day jail sentence for contempt from 2005 be imposed.

{¶17} Martinez filed objections to the magistrate's decision, contending that the Union County Common Pleas Court, Juvenile Division, did not have jurisdiction over the matter, that Martinez was not properly served, that he was not in "further" contempt as he had purged his contempt by paying his prior arrearage for which he was found in contempt, that his contempt was not willful, as the magistrate determined, and that the magistrate's determination that he had to pay costs in this matter was erroneous.

{¶18} The trial court filed an entry overruling Martinez's objections, indicating that it conducted an independent review of the matter. The trial court then adopted the magistrate's decision, with minor changes, and ordered Martinez to serve thirty-days in jail. That sentence was stayed pending appeal.

{¶19} It is from this judgment that Martinez appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The Trial Court erred to the prejudice of Appellant and abused its discretion in finding that it had jurisdiction over this matter when the Paulding County Juvenile Court had assumed jurisdiction over the allocation of parental rights and responsibilities, including the allocation of child support, in 2011. Jurisdiction is in Paulding County Ohio, or in the alternative, where Defendant currently resides. The Union County Juvenile Court did not have jurisdiction to impose a jail sentence in this matter.**

**Assignment of Error No. 2**
**The Trial Court erred to the prejudice of Appellant and abused its discretion in finding that it could impose a jail sentence of 30 days based on a 13-year old Union County contempt when Defendant had made child support payments for years, and had ultimately became [sic] solely financially responsible for one child in 2011 and the other in 2015. The Union County Court [sic] erred in concluding that it should impose a jail sentence.**

**Assignment of Error No. 3**
**The trial court erred in imposing a jail sentence on a 13-year old contempt when that order was unconstitutional and invalid, as it imposed as a purge condition the payment of child support in the future.**

**Assignment of Error No. 4**
**The Trial Court erred to the prejudice of Appellant and abused its discretion in finding that Defendant willfully failed to pay support, particularly since during objections he produced documentation of great financial difficulty, and further argued that he had been supporting both children financially for years as evidenced by the Paulding County Juvenile Court entries.**

*First Assignment of Error*

{¶20} In his first assignment of error, Martinez argues that the Paulding County Common Pleas Court, Juvenile Division, assumed jurisdiction over this

matter in 2011 when Martinez was designated residential parent of M.M., including jurisdiction over child support, and that the Agency and the Union County Common Pleas Court, Juvenile Division, had no jurisdiction to proceed to collect anything, including arrearages, after that date.

{¶21} Contrary to Martinez's arguments—which comprise a single paragraph in his brief—the Revised Code contains a provision for an Agency to continue to collect *arrearages* that had been owed even once a support order has been terminated. Revised Code 3123.14 reads,

> **If a child support order is terminated for any reason, the obligor under the child support order is or was at any time in default under the support order and, after the termination of the order, the obligor owes an arrearage under the order, the obligee may make application to the child support enforcement agency that administered the child support order prior to its termination or had authority to administer the child support order to maintain any action or proceeding on behalf of the obligee to obtain a judgment, execution of a judgment through any available procedure, an order, or other relief. * * ***

{¶22} In this case, the Agency continued to pursue arrearages that had accumulated from Martinez's failure to pay his support while the mother was residential parent of both children from 2003 to 2011. The Agency's efforts, and the trial court's orders, did not conflict or interfere with the 2011 order of the Paulding County Common Pleas Court, Juvenile Division, granting custody of M.M. to Martinez and ordering that no child support would be ordered from either parent from that point forward. After that 2011 order, the Agency only sought to

recover Martinez's substantial arrearages, which is permissible by the preceding statute. *See Zamos v. Zamos*, 11th Dist. Portage No. 2008-P-0021, 2009-Ohio-1321, ¶ 38. Therefore, we cannot find that Martinez's arguments regarding jurisdiction are well-taken, and his first assignment of error is overruled.

*Second Assignment of Error*

**{¶23}** In Martinez's second assignment of error, he argues that the trial court erred by imposing a jail sentence in this matter based on a thirteen year old contempt because Martinez had been solely financially responsible for one child since 2011 and the other child since 2016.

**{¶24}** The Supreme Court of Ohio has held that "[a] hearing to determine whether a contemnor has purged himself of civil contempt * * * is a civil proceeding." *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, at paragraph one of syllabus. This is because the "purge hearing" is not a new contempt proceeding, but rather a conclusion of the original contempt hearing because its purpose is to determine whether the contemnor has satisfied the purge conditions.[4] *Id*. at ¶ 16.

> **If the conditions are unfulfilled, the court is entitled to enforce the sentence already imposed, the sanction that could have been avoided by the contemnor's compliance. With respect to cases of**

---

[4] We note that courts have held that in civil contempt hearings an accused may be found in contempt *in absentia*, so long as the defendant was provided proper notice and an opportunity to be heard, which is all that is required under the civil rules. *Home S. & L. Co. v. Midway Marine, Inc.*, 7th Dist. Mahoning No. 10 MA 109, 2012-Ohio-2432, ¶ 34; *Cleveland v. Bryce Peters Fin. Corp.*, 8th Dist. Cuyahoga Nos. 98006-24, 98078, 98079, 98163, 98164, 2013-Ohio-3613, ¶¶ 34-38.

**child support, an indigent parent has already enjoyed a number of procedural safeguards by this point. For example, the initial contempt charge must be in writing, and the parent must be provided a hearing. R.C. 2705.03. The notice of hearing must also be accompanied by a summons that includes notice that failure to appear may result in arrest or an order withholding assets, notice of the right to counsel if the parent is indigent and of the need to apply for counsel within three business days of receipt of the summons, notice that the court may refuse to grant a continuance to obtain counsel, and notice of the potential penalties if the parent is found in contempt. R.C. 2705.031(C)(1) through (4). These protections for the parent help ensure that the issue of contempt is correctly decided.** ***The only issue left for the purge hearing is whether the contemnor complied with the purge requirements.***

(Emphasis added.) *Id.*

{¶25} Determining whether an individual has satisfied a purge condition of civil contempt is within the sound discretion of the trial court, just as determining whether an individual was originally in contempt of court. *See Jenkins v. Jenkins*, 2d Dist. Clark No. 2011CA86, 2012-Ohio-4182, ¶ 12, citing *Wolf v. Wolf*, 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, ¶ 4. A trial court abuses its discretion by rendering a decision that is unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶26} In this case, Martinez contends in a "Motion to Stay" he filed *after* the trial court's final judgment, that he had four children outside of the two involved in this custody matter, and that he was facing eviction in February of 2018, around the time the Agency filed its final "Motion to Impose Jail Sentence." Martinez argues

that incarceration would render him unable to work and cause an undue hardship. Martinez further argues that the trial court should have considered these factors, or at least remanded the matter back to the magistrate to consider the jurisdictional issues and Martinez's ability to pay.

{¶27} Even according to Martinez's own argument he did not appear at the hearing on the "motion to impose jail sentence," and he did not raise these arguments to the trial court in his objections—though he did attach the eviction notice to his objections. Although Martinez contends that the trial court and the magistrate should have more appropriately considered his ability to pay, he has provided no actual evidence that he is unable to pay. Thus this argument is not well-taken.

{¶28} Finally, Martinez argues, in a single, short paragraph, that he should not have been sent to jail for his thirteen year old contempt order because he had "purged" his arrearage by paying support since 2005, and gaining custody of the two girls in 2011 and 2016 respectively. Martinez cites no legal authority to support his position, and we could overrule it for this issue alone—*see* App.R. 12(A)(2)—however, we will proceed to address the issue.

{¶29} Contrary to Martinez's arguments, the record reflects that the trial court had never determined Martinez acted in substantial compliance with the prior order, and had never made a finding that Martinez had purged his contempt. The

trial court stated that thirteen years after the original finding of contempt, and after the Agency filed five motions to impose his suspended jail sentence, Martinez had yet to substantially comply such that his contempt was purged.

{¶30} After reviewing the record, we cannot find that the trial court abused its discretion on this issue. Over the years of 2005 to 2011, even after the contempt finding, Martinez repeatedly failed to make payments, resulting in the Agency filing a number of "Motions to Impose Jail Sentence." Martinez's failure to regularly pay led to arrearages well in excess of $10,000. There is no indication in the record that Martinez "purged" his contempt, when his arrearage amount only *grew* from the original 2005 amount of $3,127.14 until current support was stopped in 2011. Therefore, we cannot find that the trial court abused its discretion in imposing the jail sentence in this matter, and Martinez's second assignment of error is overruled.

*Third Assignment of Error*

{¶31} In Martinez's third assignment of error, he argues that the trial court erred in imposing a jail sentence on a thirteen year old contempt as the contempt order itself was unconstitutional and invalid because it imposed a purge condition contingent upon the payment of child support in the future.

{¶32} Notably, Martinez did not raise a constitutional argument to the trial court in his objections to the magistrate's decision, therefore he has waived the issue for the purpose of appeal. *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-

Ohio-3106, ¶ 25. However, even if we did consider Martinez's argument regarding the "purge condition," Martinez was held in contempt for his failure to pay child support and arrearages in 2005 and for his repeated failure to pay it and his arrearages thereafter. He had the opportunity to purge through his payment and the removal of his arrearages, which he never did; rather, his arrearages continued to grow until they hit a peak in excess of $16,000. Thus his argument is not well-taken, and his third assignment of error is overruled.

*Fourth Assignment of Error*

{¶33} In Martinez's fourth assignment of error, he argues that the trial court abused its discretion in finding that he "willfully" failed to pay child support. In support of his assignment of error, his argument states, in its entirety, "Defendant restates his arguments above as if fully repeated herein."

{¶34} Martinez's attempt to summarily repeat all of his arguments without making reference to the record or legal authority is contrary to the appellate rules. (App.R.12(A)(2)). He cites no legal authority and makes no references to the record. As the appellate court, we will not manufacture an argument for an appellant, and then proceed to address it. *See Union Bank Co. v. Lampert*, 3d Dist. Auglaize No. 2-13-32, 2014-Ohio-4427, ¶ 19.

{¶35} Moreover, if Martinez's prior arguments would have applied to this assignment of error as he suggests in the single sentence dedicated to arguing his

point, then there should have only been one assignment of error to cover both issues; however, he facially states separate issues in the headings of the assignments of error and does not support the separate issues raised in the fourth assignment in any manner. His assignment of error and argument are wholly non-compliant with the appellate rules. Therefore his assignment of error is overruled for this reason alone.[5]

*Conclusion*

**{¶36}** For the foregoing reasons the assignments of error are overruled and the judgment of the Union County Common Pleas Court, Juvenile Division, is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/jlr**

---

[5] Finally, even to the extent that he made an assignment of error in the body of the assignment itself, the trial court sustained Martinez's objection and struck the word "willfully" from the magistrate's decision. Without any clearer argument, we fail to see how this assignment of error could even be relevant.