Riggs v Brooklyn Hosp. Ctr. (2022 NY Slip Op 04524)

Riggs v Brooklyn Hosp. Ctr.

2022 NY Slip Op 04524

Decided on July 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 12, 2022

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 

Index No. 655267/19 Appeal No. 14194 Case No. 2021-00187 

[*1]John C. Riggs, M.D., Plaintiff-Appellant,
v
Brooklyn Hospital Center, Defendant-Respondent, Medical Liability Mutual Insurance Company, Defendant.

Franklin, Gringer & Cohen, P.C., Garden City (Kenneth C. Sutak of counsel), for appellant.
Fox Rothschild LLP, New York (Matthew J. Schenker of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered March 11, 2020, which, to the extent appealed from, granted defendant Brooklyn Hospital Center's motion to dismiss the second, third, fourth, fifth, sixth, and seventh causes of action in the complaint, unanimously affirmed, without costs.
Plaintiff is a doctor, former employee of defendant Brooklyn Hospital Center (BHC), and former holder of an insurance policy issued by defendant Medical Liability Mutual Insurance Company (MLMIC). MLMIC has since demutualized (see generally Insurance Law § 7307). This dispute concerns who is rightfully entitled to the proceeds of the demutualization (the Cash Consideration): plaintiff or BHC. 
It is undisputed that plaintiff assigned his right to receive the Cash Consideration to BHC (the Assignment Agreement). However, plaintiff argues that he should nonetheless be awarded the Cash Consideration because the Assignment Agreement was induced by BHC's fraud, constructive fraud, fraudulent omission, and/or breach of fiduciary duty. Plaintiff contends that the Assignment Agreement should be rescinded on these bases and because BHC's receipt of the Cash Consideration constituted conversion.
While the Court of Appeals has recently held that employees such as plaintiff have an underlying entitlement to the Cash Consideration upon an insurer's demutualization (Columbia Mem. Hosp. v Hinds, — NY3d &mdash, 2022 NY Slip Op 03306 [2022]), the complaint herein nonetheless fails to state a cause of action.
Plaintiff's fraud-based claims were correctly dismissed for failure to allege justifiable reliance on the alleged false or misleading statements or omissions. BHC did not purport to be the formally designated administrator of the subject insurance policy; as the alleged actual policy administrator, plaintiff would have independently known that BHC did not de facto perform the obligations of that role. Plaintiff also failed to exercise ordinary diligence to determine the veracity of statements allegedly conveying the impression that BHC was entitled to the Cash Consideration as a result of its employment agreement or payment of insurance premiums (see New York City Educ. Constr. Fund v Verizon N.Y. Inc., 114 AD3d 529, 530 [1st Dept 2014]; Abrahami v UPC Constr. Co., 224 AD2d 231, 234 [1st Dept 1996]). Plaintiff does not allege that he lacked access to his own employment agreement; the relevant facts regarding the MLMIC demutualization were recited in the Assignment Agreement; additional information about the transaction was publicly available online; and plaintiff was free to consult a lawyer (see Auchincloss v Allen, 211 AD2d 417, 417 [1st Dept 1995]). Contrary to plaintiff's claim, for these purposes it does not matter whether he was a "sophisticated party," as he "cites no precedential authority for the proposition that only sophisticated investors have a duty to investigate" (New York City Educ. Constr. Fund, 114 AD3d at 530).
Plaintiff also misconstrues [*2]BHC's statement that its objection to the Cash Consideration payment "should not be construed as anything negative towards you or your actions, but was a required deadline that the Hospital had to attend to." This statement is best characterized as reassuring plaintiff that he had not done anything wrong, not suggesting that the objection would have no adverse impact on his rights.
Plaintiff's constructive fraud, fraudulent omission, and breach of fiduciary duty claims were also correctly dismissed for failure to allege a fiduciary or confidential relationship with BHC or its employees. "[E]mployment relationships do not create fiduciary relationships" (Rather v CBS Corp., 68 AD3d 49, 55 [1st Dept 2009], lv denied 13 NY3d 715 [2010]), and plaintiff alleges no facts that would support a conclusion that the working relationship between him and a BHC employee was sufficiently close to reach the level of a confidential relationship (see Friedman v Fife, 262 AD2d 167, 168 [1st Dept 1999]; Brown v Lockwood, 76 AD2d 721, 733 [2d Dept 1980]). BHC did not have superior knowledge about the MLMIC demutualization and the parties' entitlement to the Cash Consideration, for the reasons stated above; the fact that BHC may have had greater expertise at deciphering legal documents does not alone create a fiduciary or confidential relationship (see Gaidon v Guardian Life Ins. Co. of Am., 255 AD2d 101, 101-102 [1st Dept 1998], affd in part and mod in part on other grounds 94 NY2d 330 [1999]). Even if BHC's conduct in holding itself out as plaintiff's agent with respect to the policy estopped it from denying the existence of a fiduciary or confidential relationship, the purported relationship ended when the policy was cancelled — more than three years before the communications at issue (see Friedman, 262 AD2d at 168).
Plaintiff's conversion claim was correctly dismissed because he failed to allege a "'possessory right or interest in'" the Cash Consideration (see Pappas v Tzolis, 20 NY3d 228, 234 [2012]). Plaintiff relinquished any right he had to the Cash Consideration by signing the Assignment Agreement, plaintiff's challenges to which we rejected above.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 12, 2022