COLLINS, APPELLANT, *v.* NURRE, EXR., ET AL., APPELLEES.

[Cite as Collins v. Nurre, 20 Ohio App. 2d 53.]

(No. 10634—Decided May 12, 1969.)

*Messrs. Kruse, Outcalt & Undercoffer,* for appellant.
*Messrs. Beckman, Lavercombe, Fox & Weil,* for appellees.

HILDEBRANT, J. This is an appeal on questions of law from the action of the Common Pleas Court of Hamilton County granting a motion to dismiss, on jurisdictional grounds, the petition to contest the will of Bertha Martin who died testate on April 24, 1967, leaving no surviving spouse and no children.

The civil action to contest a will is treated as a special remedy in Chapter 2741—Will Contest, Revised Code, and because the right to make a will is wholly a creature of statute, the provisions thereof are to be considered

mandatory and special so as to prevail over a general statute. Section 2741.02, Revised Code, provides:

"All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action under Section 2741.01 of the Revised Code."

Section 2741.09, Revised Code, provides in part and pertinent here:

"An action to contest a will or codicil shall be brought within six months after it has been admitted to probate * * *."

Section 2107.23, Revised Code, provides in part and pertinent here:

"If within six months after a will is admitted to probate no person files an action to contest the validity of the will, the probate shall be forever binding * * *."

The petitioner alleges the will was admitted to probate May 12, 1967, and the petition filed on November 9, 1967, together with a praecipe for summons on all defendants, which was three days before the running of the six-month limitation on bringing the action. Summons was issued the same day and returned on November 20, 1967, as served on all defendants except one Franklin Graff, shown in the caption as a nonresident of Ohio, residing at 16341 Meadowbrook Road, Encino, California. Unexplained on the caption, in parenthesis, appears the typewritten legend "Please Forward." No affidavit for service by publication was filed with the praecipe.

Named as defendants in the petition are the executor, two legatees, six Catholic orders as devisees, and Dorthea Cornwell and Franklin Graff alleged to be, with plaintiff, decedent's only heirs at law and next of kin.

The running of a pure statute of limitations does not extinguish the right nor extinguish the jurisdiction of the court over the subject matter but merely bars the remedy which in certain cases is subject to being revived, and subject to being waived. By the running of the six-month limitation on contesting a will, the right to contest itself is extinguished and the court is without any jurisdiction.

No affidavits for service by publication accompanied the praecipe for service of summons, nor was any such affidavit filed within the six-month limitation. It is now too late to obtain service of any kind on the nonresident defendant who is one of the necessary parties.

Chapter 2305 of the Ohio Revised Code is headed, "Jurisdiction; Limitation of Actions," and by its own terms Section 2305.17 limits its application to the provisions of that chapter. It provides:

"An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, and Sections 1302.98 and 1304.29 of the Revised Code, *by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year.*" (Emphasis added.)

Where, in an action to contest a will, the petition filed on the last day before the six-month limitation, or, as here, three days before, is accompanied by a praecipe for summons or affidavit for publication, the actual service obviously cannot be completed until after the expiration of the six-month period of limitation. However, we would consider the plaintiff not at fault and would uphold the jurisdiction to contest the will.

Even in those cases where, under Section 2305.17, Revised Code, no question of jurisdiction being involved, the "united in interest" theory is deemed to draw defendant members of a class into the action so that under its existing jurisdiction the court may adjudicate the rights of the class, we take it that no judgment in personam could be rendered against any defendant although united in interest with the class who was not served with some kind of lawful summons.

We have examined all the citations contained in *Fletcher* v. *First National Bank of Zanesville*, 167 Ohio St. 211, and some additional cases, all containing factual differences from the case at bar, and note the lack of uniformity and the prevalence of dissent which suggests perhaps legislative solution rather than judicial.

However, a will being solely the creature of statute and all provisions, including those regulating the contest thereof, being special and mandatory, they must, by fundamental rule of statutory construction, prevail over general statutory provisions contained in another chapter of the Revised Code.

We consider that Section 2741.02, Revised Code, is a personal statute and that all of each class named therein must be made parties to the action. Actual parties to an action are made only by one of the methods of lawful service of summons upon those parties.

Here, no affidavit for service by publication was filed by the plaintiff herein and service on the nonresident heir named defendant can now never be had.

We cannot construe the phrase ''commencement of the action'' as synonomous with or a substitute for ''made parties to the action.''

We, therefore, are of the opinion that the court below is without jurisdiction to try the will contest case and correctly dismissed the same on jurisdictional grounds. Noting factual differences, we nevertheless take comfort in the decision of *Fletcher* v. *First National Bank of Zanesville,* 167 Ohio St. 211, and the dissent of Zimmerman, J., in the case of *Draher* v. *Walters,* 130 Ohio St. 92.

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

*Judgment affirmed.*

SHANNON, P. J., and HESS, J., concur.