OPINION
{¶ 1} Plaintiffs-appellants Barbara Coburn, et al. appeal from the November 18, 2005, Entry of the Morrow County Court of Common Pleas granting defendant-appellee's Motion to Dismiss.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 17, 1997, appellant Barbara Coburn and appellee's decedent, Marylin McCallister, were involved in an automobile accident. On September 8, 1999, appellant, Barbara Coburn and her husband, appellant Vernon Coburn, filed a complaint against McCallister and her husband in the Morrow County Court of Common Pleas. Appellants voluntarily dismissed their complaint without prejudice pursuant to Civ.R. 41(A)(1)(a) on November 13, 2002.
 {¶ 3} Thereafter, on March 10, 2004, appellants refiled their complaint against Douglas Thrush, as Administrator of the Estate of Marylin McCallister. In response, appellee, on September 10, 2004, filed a "Motion to Dismiss or in the Alternative A Motion for Summary Judgment on Behalf of Allstate Insurance Company." Appellee, in its motion, argued that appellants had failed "to timely commence the action pursuant to the saving statute R.C. 2305.19."
 {¶ 4} Appellants, in their response to such motion, argued that R.C. 2305.15 provides for tolling of the statute of limitations for periods when appellee was absent from the State of Ohio. Appellants specifically argued that "it is entirely possible that [appellee] spent significant time out of Ohio during the year following the date of [appellants'] voluntary dismissal of the first filed action. So long as the [appellee] was unavailable for service for at least 123 days, Ohio law is clear that the tolling provision of R.C. 2305.19 applies, and [the] . . . Complaint must be deemed timely filed." Appellants, in their response, further stated as follows:
 {¶ 5} "Alternatively, if this Court does not find that outright denial of Defendant's Motion is warranted, Plaintiffs request that this Court stay adjudication of Defendant's Motion until Plaintiffs have had sufficient opportunity to obtain discovery from Defendant Thrush to learn of his whereabouts during the limitations period. Plaintiff's Interrogatories and Requests for Production of Documents will be served upon Defendant Thrush within seven days of this filing."
 {¶ 6} As memorialized in an Entry of Dismissal filed on November 18, 2005, the trial court granted appellee's motion and dismissed appellants' complaint. The trial court, in its entry, found that the tolling provisions of R.C. 2305.15 were inapplicable to an action brought under R.C. 2305.19 and could not be used to extend the one year limitation period. The trial court found that appellants "had failed to reinstate this action within one year as required by the savings statute and therefore this action is time barred."
 {¶ 7} Appellant now appeals from the trial court's November 18, 2005, Entry of Dismissal, raising the following assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE TOLLING STATUTE, R.C.2305.15(A), APPLIES TO ACTIONS RE-FILED UNDER THE SAVINGS STATUTE, R.C. 2305.19(A)(1)."
 I {¶ 9} Appellants, in their sole assignment of error, argue that the trial court erred in dismissing their complaint. Appellants specifically contend that the tolling statute, R.C.2305.15(A), applies to actions refiled under the savings statute, R.C. 2305.19(A)(1). We disagree.
 {¶ 10} In the case sub judice, the accident occurred on September 17, 1997. Appellants timely filed their complaint in September of 1999[1] and then voluntarily dismissed the same on November 13, 2002, after the statute of limitations had run. The complaint was then refiled on March 10, 2004. Thus, over one year elapsed between the time appellants dismissed their original complaint and the time appellants refiled their complaint. Appellants now contend that R.C. 2305.15(A) extended the time for refiling their complaint.
 {¶ 11} R.C. 2305.19(A) states as follows: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date . . ."
 {¶ 12} We note that R.C. 2305.19(A) was amended effective May 31, 2004, to provide as follows: "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the originalapplicable statute of limitations, whichever occurs later." (Emphasis added). As is stated above, appellants refiled their complaint on March 4, 2004. This Court, in Nationwide v.Zimmerman, Stark App. No. 2004 CA 00007, 2004-Ohio-7115, held that R.C. 2305.19, as amended, does not expressly provide for retrospective application, only prospective operation. Id. at fn 1. Thus, contrary to appellants' assertion, the amended version of R.C. 2305.19 is not applicable. See also Fowee v. WesleyHall, Inc. 108 Ohio St.3d 533, 844 N.E.2d 1193, 2006-Ohio-1712, in which the Ohio Supreme Court applied the version of R.C.2305.19 in effect at the time of the dismissal of an employee's worker's compensation appeal petition on December 5, 2002. The Ohio Supreme Court, in Fowee, held that an employer was entitled to judgment on its appeal after the employee failed to refile her petition within the one year period allowed by the savings statute, R.C. 2305.19. The Court, in Fowee, further noted that the current version of R.C. 2305.19 did not apply since it did not go into effect until May 31, 2004.
 {¶ 13} The other relevant statute, R.C. 2305.15(A) states as follows: "When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought."
 {¶ 14} The Ohio Supreme Court has held that the tolling provisions of R.C. 2305.15 are not applicable to an action brought pursuant to the savings provision of R.C. 2305.19.Saunders v. Choi (1984), 12 Ohio St. 3d 247, 249,466 N.E.2d 889.2 Thus, appellants could not use the tolling provisions of such statute to extend the one year time limitation to refile an action set forth in R.C. 2305.19(A). We concur with the trial court that since appellants failed to refile their action within one year of the dismissal of the original complaint as required by R.C. 2305.19(A), appellants' action was time-barred.
 {¶ 15} Appellants' sole assignment of error is, therefore, overruled.
 {¶ 16} Accordingly, the judgment of the Morrow County Court of Common Pleas is affirmed.
By: Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morrow County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] R.C. 2305.10 sets forth a two year statute of limitations for personal injury actions.