OPINION
{¶ 1} The plaintiff-appellant, Michael J. Goodwin, appeals the judgment of the Wyandot County Common Pleas Court dismissing his complaint against the defendants-appellees, T.J. Schimmoeller Trucking, Inc. and Ted Schimmoeller, based on the applicable statute of limitations. On appeal, Goodwin contends that he refiled his complaint six days late; however, he argues that the defendants were outside the state of Ohio for nine days, thus tolling the statute of limitations under *Page 3 
the savings statute. For the reasons expressed herein, we affirm the judgment of the trial court.
 {¶ 2} On March 29, 2004, Goodwin instituted a lawsuit based on personal injuries he sustained in a tractor-trailer truck collision on May 15, 2002 between a tractor he was driving and a tractor owned by Schimmoeller Trucking and operated by Schimmoeller. Schimmoeller, individually, filed a counterclaim against Goodwin for personal injuries and a third-party complaint against Funches Trucking, Goodwin's employer at the time of the collision. On January 26, 2006, the parties agreed to voluntarily dismiss their claims and filed a notice of dismissal pursuant to Civ.R. 41(A).
 {¶ 3} On February 1, 2007, Goodwin refiled his complaint, which he admits was filed one year and six days after the voluntary dismissal was filed. Also on February 1, 2007, Schimmoeller refiled his counterclaim and third-party complaint. On February 21, 2007, Schimmoeller and Schimmoeller Trucking filed a motion pursuant to Civ.R. 12(B)(1), (2), and (6) asking the trial court to dismiss Goodwin's complaint based on his failure to refile within the one-year statute of limitations provided by Ohio's savings statute. Attached to the motion were copies of the original complaint and the Civ.R. 41(A) dismissal. On March 12, 2007, Goodwin and Funches Trucking filed a motion to dismiss Schimmoeller's counterclaim and third-party complaint. The parties filed *Page 4 
responsive memoranda to the others' motions, and Goodwin and Funches filed a reply supporting their motion to dismiss. On August 3, 2007, the trial court filed its judgment entry granting both motions to dismiss. Goodwin appeals the trial court's judgment, asserting two assignments of error for our review.
 First Assignment of Error The trial court erred in dismissing Plaintiff-Appellant Goodwin's complaint and granting Defendant-Appellee Ted Schimmoeller's motion to dismiss when Plaintiff-Appellant Goodwin re-filed his complaint one year and six days after his voluntary dismissal, when Defendant-Appellee Ted Schimmoeller was absent from the state of Ohio on all or parts of nine days, thus tolling the statute of limitations.
 Second Assignment of Error The trial court erred in dismissing Plaintiff-Appellant Goodwin's complaint and granting Defendant-Appellee T.J. Schimmoeller Trucking, Inc.'s motion to dismiss when Plaintiff-Appellant Goodwin, [sic] re-filed his complaint one year [and] six days after his voluntary dismissal, while Defendant-Appellee Ted Schimmoeller was absent from the state of Ohio on all or part of nine days, tolling the statute of limitations.
 {¶ 4} For ease of analysis, we will address Goodwin's assignments of error together. In support of his first assignment of error, Goodwin contends he had the burden of proving that Schimmoeller had departed the state of Ohio and for how long he had done so in order to benefit from the tolling provision of R.C. 2305.15. Goodwin presented Schimmoeller's deposition to the trial court, which evidenced that he had been outside the state of Ohio on six different business trips *Page 5 
and one weekend vacation. Goodwin claims that statutes of limitations are remedial and must be liberally construed, and as such, he had an additional nine days, after the expiration of the savings statute, in which to file his complaint. Therefore, Goodwin contends the trial court erred when it dismissed his complaint against Schimmoeller. In the second assignment of error, Goodwin contends that Schimmoeller was the statutory agent of T.J. Schimmoeller Trucking, Inc. Because Schimmoeller, as the statutory agent, was outside of the state, Goodwin contends the savings statute was tolled as against Schimmoeller Trucking.
 {¶ 5} In response, Schimmoeller and Schimmoeller Trucking present several arguments. First, they contend that R.C. 2305.15(A) is inapplicable to Ohio's savings statute, R.C. 2305.19(A). Second, the defendants contend that partial days out of state cannot be used to toll the relevant statute of limitations. Finally, the defendants argue that if we find R.C. 2305.15(A) applicable, we should find the statute unconstitutional.
 {¶ 6} R.C. 2305.10 provides a two-year statute of limitations on personal injury causes of action. The statute also specifies that the cause of action accrues on the date of the injury. R.C. 2305.10(A). In this case, the parties do not take issue with the timing of the original complaint in relation to the two-year statute of limitations. The parties dismissed the case on January 26, 2006, and under Ohio's savings statute, R.C. 2305.19(A), Goodwin had one year from the date of *Page 6 
dismissal in which to re-file his complaint since a voluntarily dismissal is a "failure otherwise than upon the merits." SeeVitantonio, Inc. v. Baxter, 116 Ohio St.3d 195, 2007-Ohio-6052,877 N.E.2d 663, at ¶ 4, quoting Frysinger v. Leech (1987), 32 Ohio St.3d 38,512 N.E.2d 337, at paragraph two of the syllabus. Goodwin did not refile his complaint until February 1, 2007, which, the parties agree, was six days after the expiration of the statute of limitations allowed by the savings statute.
 {¶ 7} The defendants filed a motion to dismiss Goodwin's complaint pursuant to Civ.R. 12(B)(1), (2), and (6). The defendants argued that Goodwin's refiled complaint was outside the time allowed by the savings statute and therefore, subject to dismissal. In his responsive memorandum, Goodwin argued that R.C. 2305.15(A) tolls the applicable statute of limitations for any time that the defendant is outside the state of Ohio. After taking Schimmoeller's deposition, Goodwin argued that he had been out of Ohio for a total of nine days between January 26, 2006 and February 1, 2007, and therefore, the complaint was filed within the confines of the savings statute.
 {¶ 8} We begin by noting that Civ.R. 12(B)(1) and (2) allow for dismissal where the trial court lacks subject matter jurisdiction and personal jurisdiction, respectively. The Ohio Supreme Court has stated that:
 the expiration of the statute of limitations is an affirmative defense that may deprive a litigant of his or her right to recover, *Page 7 but it is not a jurisdictional defect. The statute of limitations is a defense to a matter over which the court has subject matter jurisdiction. Lewis v. Trimble (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207. A statute of limitations is an affirmative defense that is waived unless pled in a timely manner. Id. If it is not so pled, a court with subject matter jurisdiction can proceed with the case. The appellate court in Collins v. Nurre (1969), 20 Ohio App.2d 53, 54, 49 O.O.2d 70, 71, 251 N.E.2d 621, 622, put it well:
 "The running of a pure statute of limitations does not extinguish the right nor extinguish the jurisdiction of the court over the subject matter but merely bars the remedy which in certain cases is subject to being revived, and subject to being waived."
State ex rel. Jones v. Suster, 84 Ohio St.3d 70, 75, 1998-Ohio-275,701 N.E.2d 1002. Therefore, the trial court could not have granted the defendants' motion based on Civ.R. 12(B)(1) or (2) and must have proceeded under Civ.R. 12(B)(6).
 {¶ 9} In granting a dismissal of a complaint under Civ.R. 12(B)(6), "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." LeRoy v. Allen, Yurasek Merklin, 114 Ohio St.3d 323,2007-Ohio-3608, 872 N.E.2d 254, at ¶ 14, citing Doe v. Archdiocese ofCincinnati, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, at ¶ 11. The allegations of the complaint must be construed as true, and the court may not consider any evidentiary materials outside of the complaint. Civ.R. 12(B); LeRoy, at ¶ 14, citing Maitland v. Ford MotorCo., 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, at ¶ 11. "Furthermore, the complaint's material allegations and any reasonable inferences drawn therefrom must be *Page 8 
construed in the nonmoving party's favor." LeRoy, at ¶ 14, citingKenty v. Transamerica Premium Ins. Co., 72 Ohio St.3d 415, 418,1995-Ohio-61, 650 N.E.2d 863.
 {¶ 10} For two reasons, it is evident that the trial court considered the defendants' Civ.R. 12(B)(6) motion as a motion for summary judgment under Civ.R. 56. First, since the statute of limitations is an affirmative defense, it may not be raised in a motion to dismiss based on failure to state a claim upon which relief can be granted. Stutes v.Harris, 2d Dist. No. 21753, 2007-Ohio-5163, at ¶ 19, citing State exrel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 579 N.E.2d 702. However, as an affirmative defense, the statute of limitations may be properly raised through a motion for summary judgment. Second, if the trial court wishes to consider evidentiary materials outside of the complaint on a Civ.R. 12(B)(6) motion, the court must convert the motion to a motion for summary judgment with proper notice to the parties.State ex rel. The V Cos. v. Marshall, 81 Ohio St.3d 467, 470,1998-Ohio-329, 692 N.E.2d 198, citing Civ.R. 12(B); Civ.R. 56(C);Petrey v. Simon (1983), 4 Ohio St.3d 154, 447 N.E.2d 1285. The evidence concerning how many days Schimmoeller was in a state other than Ohio was not evident from the face of Goodwin's complaint and was presented through only a deposition taken on a later date. Therefore, it is clear that the trial court either inappropriately dismissed Goodwin's case pursuant to Civ.R. 12(B)(6) or *Page 9 
converted the motion to a summary judgment motion, which appears to be the situation.
 {¶ 11} There is nothing in the record notifying the parties that the court was converting Goodwin's motion to dismiss into a motion for summary judgment. However, the court's failure to give notice is harmless error if the non-moving party had a sufficient opportunity to respond. V Cos., at 472. Here, the non-moving party, Goodwin, had a sufficient opportunity to respond to Schimmoeller and Schimoeller Trucking's motion, as demonstrated by his taking and filing of Schimmoeller's deposition and the subsequent responsive memoranda he filed in the trial court. Therefore, the trial court's judgment entry is effective as a grant of summary judgment to the defendants, and we will review the proceedings below as if on a motion for summary judgment.
 {¶ 12} Both a Civ.R. 12(B)(6) motion and a motion for summary judgment are reviewed on appeal de novo, independently and without deference to the decision of the trial court. Perrysburg Twp. v. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, at ¶ 5, citing Cincinnati v.Beretta U.S.A. Corp., 95 Ohio St.3d 416, 2002-Ohio-2480,768 N.E.2d 1136, ¶ 4-5; Ohio Gov't. Risk Mgmt. Plan v. Harrison,115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, at ¶ 5, citing Comer v.Risko, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 8. "A grant of summary judgment will be affirmed only when the requirements of *Page 10 
Civ.R. 56(C) are met." Adkins v. Chief Supermarket, 3d Dist. No. 11-06-07, 2007-Ohio-772, at ¶ 7. The party moving for summary judgment must establish: (1) that there are no genuine issues of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Id, citing Civ.R. 56(C); Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. In ruling on a motion for summary judgment, a court may not "weigh evidence or choose among reasonable inferences * * *." Adkins, at ¶ 8, citingJacobs v. Racevskis (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653. Rather, the court must consider the above standard while construing all evidence in favor of the non-movant. Jacobs, at 7.
 {¶ 13} The party moving for summary judgment must identify the basis of the motion to allow the non-movant a "meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St .3d 112, 116,526 N.E.2d 798. In its motion, the moving party "must state specifically which areas of the opponent's claim raise no genuine issue of material fact" and must support its assertion with affidavits or other evidence as allowed by Civ.R. 56(C). Mitseff, at 115, citing Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, citingHamlin v. McAlpin Co. (1964), 175 Ohio St. 517, 519-520, *Page 11 196 N.E.2d 781; Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264. If the moving party fails to meet its burden, summary judgment is inappropriate; however, if the moving party meets its initial burden, the non-moving party has a "reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *." Dresher, at 294.
 {¶ 14} In their motion, the defendants argued that Goodwin had filed the original complaint on March 29, 2004, and that the parties voluntarily dismissed the entire case on January 26, 2006. Attached to the motion were a copy of the original complaint and a copy of the dismissal notice. Although the copy of the dismissal entry did not contain the clerk's file stamp, the parties apparently agree that the date of dismissal was January 26, 2006. Since that fact is not in dispute, we will accept it on review. The defendants argued that by refiling his complaint on February 1, 2007, Goodwin missed the one-year filing limit allowed under the savings statute by six days. Again, the parties do not dispute that this controversy is isolated to the six-day period of time between January 26, 2007 and February 1, 2007.
 {¶ 15} In response, Goodwin argued that Schimmoeller had been outside the state of Ohio for nine days between January 26, 2006 and February 1, 2007, thereby tolling the savings statute for nine days. Therefore, Goodwin concluded *Page 12 
that his complaint was timely refiled. Goodwin submitted Schimmoeller's deposition testimony to the court in support of his argument.
 {¶ 16} Schimmoeller's deposition revealed that he became employed by Tailgate Trucking in April 2006. As part of his employment with Tailgate, he left the state of Ohio on six occasions to travel to Indiana. (Dep., Schimmoeller, Ted, May 31, 2007, at 5). Each trip he made to Indiana lasted approximately three hours. (Id. at 8). Schimmoeller also testified that he took a personal, weekend vacation to Indiana in December 2006. (Id. at 9). Schimmoeller testified that he left for Indiana on a Friday evening at approximately 5:00 p.m., spent all of Saturday in Indiana, and returned to Ohio on Sunday afternoon at approximately 12:00 p.m. (Id. at 10). Schimmoeller's testimony clearly shows that he was out of Ohio for one full day and eight partial days between January 26, 2006 and February 1, 2007.
 {¶ 17} The first argument raised by the defendants on appeal is that R.C. 2305.15(A) is inapplicable to R.C. 2305.19(A). The tolling statute states:
 [w]hen a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought. *Page 13 
R.C. 2305.15(A). The Fifth Appellate District has held that R.C.2305.15(A) applies to the specified statutes of limitations but is inapplicable to the savings statute, R.C. 2305.19. Coburn v.Thrush, 5th Dist. No. 2005CA0018, 2006-Ohio-5354, at ¶ 14, citing Saunders v. Choi (1984), 12 Ohio St.3d 247, 249,466 N.E.2d 889 ("[w]e are of the opinion that the plain language of R.C. 2305.15
reveals that this savings provision does not apply to an action brought under R.C. 2305.19."). We agree.
 {¶ 18} As noted above, the statute of limitations on a personal injury action is two years. R.C. 2305.10. By the time the parties voluntarily dismissed the litigation on January 26, 2006, the original statute of limitations had expired. Therefore, the only way Goodwin could revive his complaint was under the savings statute, R.C. 2305.19, which requires the complaint to be refiled within one year of the voluntary dismissal. Since the parties do not dispute that Goodwin refiled his complaint six days after the expiration of the savings statute, and since the tolling statute does not apply to the savings statute, Goodwin's complaint was untimely filed.
 {¶ 19} Based on the above analysis, there are no genuine issues of material fact; Schimmoeller and Schimmoeller Trucking are entitled to judgment as a matter of law; and reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party. The trial court did not err by *Page 14 
granting judgment in favor of the defendants and dismissing the case, and the first and second assignments of error are overruled.
 {¶ 20} The judgment of the Wyandot County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1