[Cite as *Sullinger v. Sullinger*, 2020-Ohio-5225.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

DOUGLAS SULLINGER,

    PLAINTIFF-APPELLANT,          CASE NO. 6-20-06

    v.

DON SULLINGER, SR., ET AL.,          O P I N I O N

    DEFENDANTS-APPELLEES.

---

**Appeal from Hardin County Common Pleas Court**
**Trial Court No. CVH 20191047**

**Judgment Affirmed**

**Date of Decision: November 9, 2020**

---

APPEARANCES:

    *Joseph B. Clarke* **for Appellant**

    *David R. Watkins* **for Appellees, Douglas Reed and Kathy Reed**

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, Douglas Sullinger ("Douglas"), appeals the judgment of the Hardin County Court of Common Pleas dismissing his amended complaint against defendants-appellees, Don J. Sullinger, Sr. ("Don") and Douglas R Reed and Kathy Reed (collectively, "the Reeds"), d.b.a. R&R Farms (collectively, "defendants"). For the reasons that follow, we affirm.

{¶2} On March 26, 2017, Don, as attorney in fact for Joan A. Sullinger ("Joan"), entered into a contract with the Reeds, granting them the right to lease farm land known as Silver Creek in Hardin County, Ohio. (Doc. No. 1, Ex. A). Under the terms of the contract,

> [t]he term of the said lease is a continuing contract based upon the life of Joan A. Sullinger starting with the crop year 2017. The lease terminates on December 31 of the then current crop year that Joan A. Sullinger passes away prior to July 1st of that year. Or, the lease terminates on December 31 of the following year that Joan A. Sullinger passes away after June 30th of the then current crop year. Or, either party may terminate the lease by written notice delivered on or before November 1 of any year to be effective on December 31 of the following year.

(*Id.*).

{¶3} Joan died on November 28, 2018. (Doc. No. 1). Thereafter, on April 16, 2019, Douglas filed a complaint against the defendants alleging claims for

forcible entry and detainer, slander of title, quiet title, rescission, and declaratory judgment.[1]  (*Id.*).

**{¶4}** On May 10, 2019, Don filed his answer to Douglas's complaint along with counterclaims for partition of Silver Creek and unjust enrichment.  (Doc. No. 14).  That same day, Don filed a motion to dismiss Douglas's complaint under Civ.R. 12(B)(6).  (Doc. No. 16).  On June 5, 2019, Douglas filed his answer to Don's counterclaim.  (Doc. No. 25).  After being granted leave by the trial court, Don filed an amended answer and an amended counterclaim on June 26, 2019 in which he added Susan K. Sullinger ("Susan"), Don's spouse, and the Hardin County Treasurer as parties to his counterclaim for partition.[2]  (Doc. Nos. 31, 35, 36).  On July 11, 2019, Douglas filed his answer to Don's amended counterclaim.  (Doc. No. 39).

**{¶5}** On May 29, 2019, the Reeds filed an answer to Douglas's complaint along with a counterclaim against Douglas seeking a judgment "[t]o continue to farm Silver Creek for the 2019 crop year plus the costs of this action" or a "judgment in the sum of $75,001.75, plus interest and costs."[3]  (Doc. No. 21).  On June 17,

---

[1] Douglas and Don inherited an undivided one-half interest in Silver Creek by virtue of Joan's death.

[2] Although Douglas indicated that that he was filing his motion to join Susan and the Hardin County Treasurer as parties to his counterclaim under Civ.R. 19 and 20, Douglas requested that the trial court designate Susan as "Third Party/Counter Plaintiff" and designate the Hardin County Treasurer as "Third Party Defendant," and the trial court designated Susan as a "Third Party Plaintiff" and the Hardin County Treasurer as a "Third Party Defendant."  (Doc. Nos. 31, 35).  *Compare* Civ.R. 19 and 20 *with* Civ.R. 14.

[3] On July 2 and October 21, 2019, the Reeds filed motions "to interplead lease payment[s]," which the trial court granted on November 19, 2019.  (Doc. Nos. 38, 52, 54).

2019, Douglas filed his answer to the Reeds' counterclaim. (Doc. No. 28). On June 19, 2019, the Reeds filed an amended answer and a counterclaim alleging a claim for breach of contract. (Doc. No. 29). Douglas filed his answer to the Reeds' amended counterclaim on June 26, 2019. (Doc. No. 34).

{¶6} After being granted leave to file an amended complaint, Douglas filed an amended complaint on July 1, 2019, again alleging claims for forcible entry and detainer, slander of title, quiet title, rescission, and declaratory judgment, along with an additional claim against Don asserting that he violated his duties as a joint tenant under R.C. 5307.21. (Doc. Nos. 26, 27, 30, 33, 37).

{¶7} On July 29, 2019, the Reeds filed an answer to Douglas's amended complaint along with a counterclaim for breach of contract. (Doc. No. 40). That same day, Don filed an answer to Douglas's amended complaint along with counterclaims for partition, unjust enrichment, and waste. (Doc. No. 43). On August 26, 2019, Douglas filed his answers to Don's and the Reeds' counterclaims. (Doc. Nos. 46, 47). Also on July 29, 2019, Don filed a motion to dismiss Douglas's amended complaint under Civ.R. 12(B)(6), to which Douglas filed a memorandum in opposition on August 30, 2019. (Doc. Nos. 42, 44, 45, 48).

{¶8} On January 8, 2020, the trial court conducted a hearing, during which it permitted the parties to present evidence relevant to Don's Civ.R. 12(B)(6) motion to dismiss Douglas's amended complaint. (*See* Doc. No. 75). Subsequent to the

hearing, the trial court permitted the parties to submit post-hearing briefs, which all parties submitted. (Doc. Nos. 65, 66, 71, 72, 73, 74).

{¶9} On February 7, 2019, the trial court dismissed Douglas's amended complaint after concluding that Douglas's claims for forcible entry and detainer, quiet title, rescission, and declaratory judgment were rendered moot since the evidence produced at the hearing reflected that the Reeds were "no longer farming the property" and were no longer in possession of the property. (Doc. No. 75). Further, the trial court dismissed Douglas's claim for slander of title and his claim against Don (alleging that he violated his duties as a joint tenant under R.C. 5307.21) "for failure of any proof." (*Id.*). Although Don's and the Reeds' counterclaims remain pending, the trial court certified that there is no just reason for delay under Civ.R. 54(B). (*Id.*). Thus, on March 6, 2020, Douglas filed his notice of appeal.[4] (Doc. No. 82). He raises three assignments of error for our review, which we will review together.

**Assignment of Error No. I**

**The trial court erred as a matter of law in dismissing claims against parties where said parties did not petition the court for relief under Ohio Civ. R. 12(B)(6).**

---

[4] At oral argument, Douglas indicated that he and Don reached a settlement and that Silver Creek has been sold.

**Assignment of Error No. II**

**The trial court erred as a matter of law by sua sponte dismissing Appellant's claims against all parties without notice of its intent to do so and permitting the parties the opportunity to respond.**

**Assignment of Error No. III**

**The trial court erred in dismissing Count II of the Amended Complaint for Slander of Title where the Appellant's well plead [sic] allegations, if accepted as true, sufficiently established an [sic] entitled to relief against Appellees Doug and Kathy Reed.**

{¶10} In his assignments of error, Douglas argues that the trial court erred by dismissing his amended complaint. Specifically, Douglas argues in his first assignment of error that the trial court erred by dismissing "his claims against the Reeds and granting relief to the Reeds that they had not properly requested from the court." (Appellant's Brief at 6). In his second assignment of error, which is presented as an alternative argument to his first assignment of error, Douglas argues that the trial court erred by sua sponte dismissing his claims against the Reeds. Finally, in his third assignment of error, Douglas argues that the trial court erred by dismissing his slander-of-title claim.

*Standard of Review*

{¶11} We will begin by addressing the standard of review applicable to this appeal. Douglas contends that we should apply the standard of review applicable to claims dismissed under Civ.R. 12(B)(6). However, even though Don filed a motion to dismiss Douglas's amended complaint under Civ.R. 12(B)(6), it is evident

that the trial court considered Doug's Civ.R. 12(B)(6) motion as a motion for summary judgment under Civ.R. 56 as it is permitted to do under the Rules of Civil Procedure. *Compare Goodwin v. T.J. Schimmoeller Trucking*, 3d Dist. Wyandot No. 16-07-08, 2008-Ohio-163, ¶ 10 (concluding that "it is evident that the trial court considered the defendants' Civ.R. 12(B)(6) motion as a motion for summary judgment under Civ.R. 56").

{¶12} "'If a motion to dismiss refers to, or depends on matters outside the pleadings, the motion to dismiss must be converted to a motion for summary judgment under Civ.R. 56(C).'" *Betscher v. Governing Bd. of Putnam Cty. Educational Serv. Ctr.*, 3d Dist. Putnam No. 12-15-05, 2015-Ohio-4727, ¶ 10, quoting *Cooper v. Highland Cty. Bd. Of Commrs.*, 4th Dist. Highland No. 01CA15, 2002-Ohio-2353, ¶ 9, citing Civ.R. 12(B) and *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 470 (1998). *See also Goodwin* at ¶ 10 (stating that "if the trial court wishes to consider evidentiary materials outside of the complaint on a Civ.R. 12(B)(6) motion, the court must convert the motion to a motion for summary judgment with proper notice to the parties"), citing *Marshall* at 470, citing Civ.R. 12(B), and citing Civ.R. 56(C) and *Petrey v. Simon*, 4 Ohio St.3d 154 (1983). "'If the court converts the motion to dismiss to a motion for summary judgment, the parties must be given notice and a reasonable opportunity to present all of the

available evidence that Civ.R. 56(C) permits.'" *Betscher* at ¶ 10, quoting *Cooper* at ¶ 9, citing *Marshall* at 470.

{¶13} In this case, the trial court conducted a hearing on January 8, 2020, during which the parties were permitted to introduced evidence beyond the evidence included in the complaint, including the evidence that "Doug and Kathy Reed are no longer farming the property, and are in no way in possession of the property." (Doc. No. 75). Further, the trial court permitted the parties to submit briefs after the hearing. (Doc. Nos. 65, 66, 71, 72, 73, 74). The evidence that the Reeds are no longer farming (or even in possession of) Silver Creek is not evident from the face of Douglas's amended complaint. Likewise, even though the transcript of the hearing is not part of this record, it is evident that evidence beyond the face of Douglas's amended complaint was introduced at that hearing—that is, the record reflects that testimony was offered at the hearing concerning an oral lease between the parties concerning Silver Creek. Indeed, the post-hearing briefs acknowledge that such testimony was adduced at the hearing. (*See* Doc. Nos. 71, 74).

{¶14} For these reasons, the trial court either inappropriately dismissed Douglas's amended complaint under Civ.R. 12(B)(6) *or* converted Don's motion to a motion for summary judgment. The latter appears to be the situation. *Compare Goodwin* at ¶ 10 ("Therefore, it is clear that the trial court either inappropriately

dismissed Goodwin's case pursuant to Civ.R. 12(B)(6) or converted the motion to a summary judgment motion, which appears to be the situation.").

{¶15} Even though there is nothing in the record notifying the parties that the trial court converted Don's motion to dismiss into a motion for summary judgment, Douglas admits in his post-hearing brief that the parties discussed "in chambers" that "the Motion to Dismiss would need to be converted to a Motion for Summary Judgment as an answer had been filed." (Doc. No. 74). Nevertheless, we conclude that the trial court's failure to provide the required notice that it was converting Don's motion to dismiss into a motion for summary judgment is harmless error so long as the non-moving party had a sufficient opportunity to respond. *Id.*, citing *Marshall* at 472. Obviously, since Douglas acknowledged the "in-chambers conference" and because he was able to present evidence at a hearing (and submit post-hearing briefs), he cannot now claim that he was not afforded notice (of the conversion) or that he had an insufficient opportunity to respond.

{¶16} Moreover, based on the conduct of the parties, the trial court was *invited* to convert the motion to dismiss to a motion for summary judgment. *See Maynard v. Norfolk S. Ry.*, 4th Dist. Scioto No. 08CA3267, 2009-Ohio-3143, ¶ 14. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." *Marshall* at 471. Indeed, Douglas did not object to the hearing or to the trial court permitting Don or

the Reeds submitting post-hearing briefs by fully participating in the hearing and by submitting his own post-hearing briefs without advancing this argument. Accordingly, the trial court was invited to convert Don's Civ.R. 12(B)(6) motion into a motion for summary judgment. For these reasons, we conclude that the trial court's judgment entry is an effective grant of summary judgment in favor of Don and the Reeds. Thus, we will review the trial court's dismissal of Douglas's amended complaint under the standard of review applicable to claims dismissed under summary judgment. *See Goodwin* at ¶ 11.

{¶17} Nevertheless, whether we review the dismissal of Douglas's amended complaint under the standard of review applicable to claims dismissed under Civ.R. 12(B)(6) or claims dismissed under summary judgment, it is academic—that is, both are "reviewed on appeal de novo independently and without deference to the decision of the trial court." *Id.* at ¶ 12, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 4-5, and citing *Ohio Gov't. Risk Mgmt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, ¶ 5, citing *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, ¶ 8. Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-

moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶18} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

*Analysis*

{¶19} Douglas argues under his first assignment of error that "defendants named in an action and against whom claims are particularly plead [sic] have distinct interests in the controversy, such that relief requested by one defendant cannot be brought on behalf of all others." (Appellant's Brief at 6.). In further support of this argument, Douglas contends that "[j]ust as a party cannot defend against claims brought by a plaintiff against another party to a suit, neither can a party be the beneficiary of relief granted by the court which it has not itself sought."

(*Id.*). Therefore, Douglas argues that it was error for the trial court to grant summary judgment in favor of the Reeds.

{¶20} Before addressing Douglas's argument under his first assignment of error, we must first analyze Douglas's failure to comply with the Ohio Rules of Appellate Procedure by omitting an argument illustrating the reasons in support of his challenge to the trial court's decision.

{¶21} "[A]n appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2): 'if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 4, quoting App.R. 12(A); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988). *See Union Bank Co. v. Lampert*, 3d Dist. Auglaize No. 2-13-32, 2014-Ohio-4427, ¶ 19. App.R. 16(A)(7) requires that Douglas include in his brief: "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." "'It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error.'" *Rodriguez* at ¶ 7, quoting *State v. McGuire*, 12th Dist. Preble No. CA95-01-001, 1996 WL 174609,

*14 (Apr. 15, 1996). "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *Id.*, citing *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998) and *McGuire* at *14.

{¶22} Douglas failed to cite any authorities or statutes in support of his argument that the trial court was without authority to grant relief to the Reeds "that they had not properly requested from the court," and we will not supply an argument for him. *See Lampert* at ¶ 30, citing *Speakman v. Crabtree*, 10th Dist. Franklin No. 13AP-879, 2014-Ohio-2152, ¶ 7.

{¶23} Nevertheless, we hold that the trial court did not err by granting summary judgment in favor of the Reeds. Because summary judgment consists of a burden-shifting framework, the movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *See Palmer v. Bowers*, 9th Dist. Lorain No. 17CA011137, 2019-Ohio-1274, ¶ 15, citing *Dresher*, 75 Ohio St.3d at 292. "The moving party's initial burden is not met by making a conclusory assertion that the nonmoving party has no evidence to prove its case." *United Assn. of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus., Local Union No. 776 v. Jack's Heating, Air Conditioning & Plumbing*, 3d Dist. Hardin No. 6-10-11, 2011-Ohio-167, ¶ 15, citing *Dresher* at 292. "Rather, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates

the nonmoving party has no evidence to support the nonmoving party's claims." *Id.*, citing *Dresher* at 292. "Once the moving party satisfies this burden, the nonmoving party has a 'reciprocal burden' to '"set forth specific facts showing that there is a genuine issue for trial."'" *Palmer* at ¶ 15, quoting *Dresher* at 293, quoting Civ.R. 56(E).

{¶24} "However, '[i]f the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.'" *Id.*, quoting *Dresher* at 293. Importantly, "a moving party for summary judgment may not discharge its burden under Civ.R. 56 simply by making a conclusory statement that the nonmoving party has no evidence to prove its case. The moving party still bears the burden of informing the court of the basis of the motion." *Sabol v. Richmond Hts. Gen. Hosp.*, 111 Ohio App.3d 598, 604 (8th Dist.1996), citing *Dresher* at 293.

{¶25} Here, Don's converted motion (for summary judgment) asserts that Douglas

> pled no facts that: (i) show Defendants Reed or Defendant Sullinger have violated any lease terms (ii) evince monetary damages incurred by [Douglas] as a direct result of Defendants' actions; (iii) prevent [Douglas's] legal title to Silver Creek which have or may have occurred either directly or indirectly as a result of Defendants' actions.

(Doc. No. 42). And, as his relief, Don sought the trial court to dismiss Douglas's complaint "in entirety" or, alternatively, to dismiss Don as a party to the case. (*Id.*). In other words, Don's motion independently addresses the legal and factual issues

related to Douglas's claims against him and against the Reeds as required by Civ.R. 56. *Compare Sabol* at 604 (noting that the hospital's "motion for summary judgment did not independently address legal or factual issues relating to either" doctor even though "it filed an amended motion for summary judgment including both doctors").

**{¶26}** However, Douglas contends that "the only occasion on which the Reed [sic] put forth an argument [for dismissal] was in their Post Hearing Brief, filed January 21, 2020." (Appellant's Brief at 6). In our review, not only is Douglas' argument belied by the record, but it disregards the burden-shifting framework of summary judgment as we previously discussed.

**{¶27}** "Civ.R. 56(C) controls the materials that the court may consider when it determines whether there are any triable issues of fact for the purposes of summary judgment." *Armaly v. City of Wapakoneta*, 3d Dist. Auglaize No. 2-05-45, 2006-Ohio-3629, ¶ 17, citing *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 684 (6th Dist.1996). "The rule directs the court to consider only 'the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action.'" *Id.*, quoting Civ.R. 56(C). "Where the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, the court may, but is not required to consider such evidence when it determines whether summary judgment

is appropriate." *Id.*, citing *Marshall* at 473 and *Bowmer* at 684. "In our de novo review of the trial court's decision to grant summary judgment, we consider the evidence that the trial court did, even if the evidence was otherwise inadmissible." *Bader v. Ferri*, 3d Dist. Allen No. 1-13-01, 2013-Ohio-3074, ¶ 14, citing *Consumer Portfolio Servs., Inc. v. Staples*, 6th Dist. Sandusky No. S-06-031, 2007-Ohio-1531, ¶ 30, citing *State ex rel. Cincinnati Enquirer v. Hamilton Cty. Commrs.*, 1st Dist. Hamilton No. C-010605, 2002 WL 727023, *2 (Apr. 26, 2002), and citing *Zivich v. Village of Northfield*, 9th Dist. Summit No. 24836, 2010-Ohio-1039, ¶ 11.

{¶28} Beyond the content of Don's motion, Don *and* the Reeds were provided the opportunity to apprise the trial court of the basis of Don's converted motion for summary judgment during the January 8, 2020 hearing and in their post-hearing briefs. Importantly, Douglas failed to object to the trial court's hearing on Don's converted motion for summary judgment or to the Reeds participation in the hearing. Likewise, Douglas failed to object to the to the Reeds submission of post-hearing briefs in favor of summary judgment. Accordingly, because Douglas failed to object, the trial court was free to consider evidence submitted by the Reeds that may have otherwise not complied with Civ.R. 56. *See Lampert*, 2014-Ohio-4427, at ¶ 33. Therefore, Douglas is not in a position to contend that the Reeds did not apprise the trial court of the legal and factual issues supporting their initial burden of demonstrating the lack of a genuine issue of material fact as to Douglas's claims.

{¶29} Indeed, based on our review of the record, we conclude that the Reeds satisfied their initial burden of presenting evidence to the trial court demonstrating the lack of a triable issue. Because the Reeds satisfied their initial burden, the trial court was permitted to award summary judgment in their favor. *See Dresher*, 75 Ohio St.3d at 293 (noting that "if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party"). Thus, Douglas's argument under his first assignment of error is without merit.

{¶30} Further, Douglas's alternative argument in his second assignment of error that the trial court erred by sua sponte dismissing his amended complaint is without merit. That is, Douglas cannot claim on appeal that he was without notice of the trial court's "intent to examine the sufficiency of *all* the claims in the Amended Complaint pursuant to Ohio Civ. R. 12(B)(6), the record would be more fully developed and this court could better determine the basis for the trial court's judgment," is not supported by the record for the reasons stated above. (Emphasis sic.) (Appellant's Brief at 7-8). Accordingly, Douglas's first and second assignments of error are overruled.

**{¶31}** Turning to his third assignment of error, Douglas does not challenge the trial court's dismissal of his claims for forcible entry and detainer, quiet title, rescission, declaratory judgment, or his claim asserting that Don violated his duties as a joint tenant under R.C. 5307.21. Rather, Douglas challenges only the trial court's decision granting summary judgment in favor of the defendants as to his slander-of-title claim. Thus, we need address only whether the trial court erred by granting summary judgment in favor of the defendants as to Douglas's slander-of-title claim.

**{¶32}** "'Slander of title to real estate is a tort action against one who falsely and maliciously defames title to property and causes some special pecuniary damages or loss.'" *LeVangie v. Raleigh*, 2d Dist. Montgomery No. 27946, 2019-Ohio-810, ¶ 32, quoting *Hahn's Elec. Co. v. Cochran*, 10th Dist. Franklin Nos. 01AP-1391 and 01AP-1394, 2002-Ohio-5009, ¶ 24, citing *Green v. Lemarr*, 139 Ohio App.3d 414, 430 (2d Dist.2000).

> Typically, slander-of-title cases involve documents filed against a particular piece of property by parties who claim an interest in the property. Specific examples would include mortgage holders, parties who have judgment liens, or parties who may have signed contracts to purchase or lease the property. Generally, the claim arises because the presence of the affidavit or other filed document prevents the titled owner from completing a proposed sale.

*Green* at 431. "To prevail on a slander-of-title claim, a plaintiff must prove that '(1) there was a publication of a slanderous statement disparaging claimant's title; (2)

the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages." *Id.* at 430-431.

**{¶33}** With regard to his slander-of-title claim, Douglas specifically argues that "the Reeds never possessed a legitimate legal basis for occupying the Silver Creek property following termination of the March 29, 2017 Lease Agreement" but they "in conjunction with [Don] sought to limit the full and free exercise of [Douglas's] interest in the property through their false claims of a lease agreement." (Appellant's Brief at 9). Importantly, as he failed to do under his first assignment of error, Douglas failed to explain how the alleged error under his third assignment of error is material in light of the substantive law governing this case. *Lampert*, 2014-Ohio-4427, at ¶ 30, citing *Matthews*, 2013-Ohio-5907, at ¶ 31.

**{¶34}** Beyond his generic assertion that the defendants "sought to limit the full and free exercise of [his] interest in the property through their false claims of a lease agreement," Douglas failed to make any argument as to how the trial court specifically erred in concluding that there is no genuine issue of material fact that (1) there was a publication of a slanderous statement disparaging Douglas's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; or (4) the statement caused actual or special damages. *Compare id.* at ¶ 20 (noting that "the Appellants do not explain how the

alleged 'genuine issues of fact' are material in light of the substantive law governing this case"). Rather, Douglas appears to imply that this court should conduct a de novo review of the record and decide the case in his favor.

**{¶35}** "'In deciding a summary judgment case, it is "[t]he substantive law [that] determines whether a genuine issue of material fact remains."'" *Id.* at ¶ 21, quoting *Matthews v. Exigence of Fremont, L.L.C.*, 6th Dist. Sandusky No. S-13-012, 2013-Ohio-5907, ¶ 31, quoting *Jones v. Wheelersburg Local School Dist.*, 4th Dist. Scioto No. 12CA3513, 2013-Ohio-3685, ¶ 28, and citing *Heffner Investments, Ltd. v. Piper*, 3d Dist. Mercer Nos. 10-07-09 and 10-07-10, 2008-Ohio-2495, ¶ 15 ("'As to materiality, the substantive law will identify which facts are material.'"), quoting *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). "Indeed, '[t]he first step in determining whether there were any genuine issues of material fact is an examination of applicable substantive law * * * .'" *Id.*, quoting *Orndorff v. ALDI, Inc.*, 115 Ohio App.3d 632, 635 (9th Dist.1996), citing *Anderson* at 248. Here, Douglas offers no argument concerning this first step, and, once again, we will not supply that argument for him. *See id.*, citing *Camp v. Star Leasing Co.*, 10th Dist. Franklin No. 11AP-977, 2012-Ohio-3650, ¶ 67 ("It is not the duty of this court to construct legal arguments in support of an appellant's appeal.") and *Reid v. Plainsboro Partners, III*, 10th Dist. Franklin Nos. 09AP-442 and 09AP-456, 2010-

Ohio-4373, ¶ 25, 28 (stating that an appellate court "may not construct legal arguments for" an appellant).

**{¶36}** Nevertheless, we conclude that no genuine issues of material fact remain as to Douglas's slander-of-title claim because of his failure to prove that he incurred any actual or special damages. *See LeVangie*, 2019-Ohio-810, at ¶ 33 (concluding that Raleigh failed to prove her slander-of-title claim "because she failed to prove that she incurred any damages" since there was "no evidence that Raleigh attempted, or even intended, to sell or mortgage the property after the lien was filed" or "evidence of any damages incurred because of the lien"); *McClure v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 19AP-535, 2020-Ohio-1035, ¶ 18 (concluding that summary judgment as to the slander claim was proper because McClure failed "either to plead or submit some proof of special damages"). *See also Forest Hills Util. Co. v. Burnett*, 5th Dist. Licking No. CA-2634, 1980 WL 354085, *2, 5 (May 7, 1980).

**{¶37}** To prove a slander-of-title claim, Douglas is required to prove that the statement caused actual or special damages. "Actual damages are defined as compensation for actual and real loss or injury." *MADFAN, Inc. v. Makris*, 8th Dist. Cuyahoga No. 103655, 2017-Ohio-979, ¶ 13, citing *Whitaker v. M.T. Automotive, Inc.*, 111 Ohio St.3d 177, 2006-Ohio-5481, ¶ 18. "Special damages are damages of such a nature that they do not follow as a necessary consequence of the injury

complained of." *Stokes v. Meimaris*, 111 Ohio App.3d 176, 184 (8th Dist.1996), citing *Gennari v. Andres-Tucker Funeral Home*, 21 Ohio St.3d 102, 106 (1986). Because they are not presumed by the injury, special damages must be specially pleaded and must be proven by competent evidence. *Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette No. CA2016-10-014, 2017-Ohio-4370, ¶ 33; *Robb v. Lincoln Publishing (Ohio), Inc.*, 114 Ohio App.3d 595, 622 (12th Dist.1996).

{¶38} Importantly, there are no facts in Douglas's complaint, amended complaint, or in any of his responsive pleadings that would permit an inference that he suffered financial losses from the lease. *Compare McClure* at ¶ 18 ("There are no facts alleged either in appellant's complaint or in the affidavits submitted by appellant in opposition to the motion for summary judgment that would permit an inference that appellant suffered financial losses resulting from his impaired reputation as a model inmate and dog handler."). Rather, Douglas has merely speculated that he "lost the ability to sell his property unencumbered by an alleged leasehold interest." (Doc. No. 74).

{¶39} However, Douglas contends that he was not required to supply "supporting evidence in response to a motion to dismiss" "because the court considers all factual allegations in the complaint." (Appellant's Brief at 9). This argument is without merit. For the reasons discussed in Douglas's first assignment of error, under the burden-shifting framework of summary judgment, the burden

shifted to Douglas (as outlined in Civ.R. 56(E)) "to set forth specific facts showing that there is a genuine issue for trial." *Dresher*, 75 Ohio St.3d at 293. Douglas failed to meet his burden.

{¶40} Thus, in light of Douglas's failure to plead or submit some proof that he incurred actual or special damages, Douglas cannot demonstrate that a genuine triable issue of fact remains as to an essential element of his slander-of-title claim. Accordingly, we conclude that no genuine issues of material fact exist regarding Douglas's slander-of-title claim. Therefore, the trial court did not err by granting summary judgment in favor of the defendants as to the slander-of-title claim.

{¶41} Douglas's third assignment of error is overruled.

{¶42} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**